**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC. )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>) Civil Action No. 14-1242 (RCL)<br>)<br>DEPARTMENT OF STATE, )<br>)<br>*Defendant*. ) | |

## THIRD JOINT STATUS REPORT

The parties, by counsel, respectfully submit this Third Joint Status Report in the Freedom of Information Act ("FOIA") matter captioned above. Plaintiff recommends that the Court hold a status conference; Defendant recommends that the Court set a briefing schedule. Each party submits its statement below separately with recommendations for further proceedings.

**Plaintiff's Statement**

1. Plaintiff Judicial Watch, Inc. initiated this FOIA lawsuit against Defendant U.S. Department of State on July 21, 2014 after the State Department failed to provide a final determination with respect to the FOIA request submitted on May 13, 2014. (ECF No. 1). Judicial Watch seeks the following records:

> a. Copies of any updates and/or talking points given to Ambassador Rice by the White House or any federal agency concerning, regarding, or related to the September 11, 2012 attack on the U.S. consulate in Benghazi, Libya.
>
> b. Any and all records or communications concerning, regarding, or relating to talking points or updates on the Benghazi attack given to Ambassador Rice by the White House or any federal agency.

(ECF No. 1 at ¶ 5).

1

2. The records sought by Judicial Watch include emails from the State Department's Office of the Secretary during Secretary Clinton's tenure as the U.S. Secretary of State.

3. Pursuant to the Court's Scheduling Order dated September 15, 2014, the parties performed the following initial actions in this lawsuit (ECF No. 9):

(a) On November 12, 2014, the State Department produced four documents, all of which were previously produced in related litigation, captioned *Judicial Watch*, *Inc. v. Department of State*, 13-00951 (EGS).

(b) On December 5, 2014, the State Department produced to Judicial Watch a draft *Vaughn* index. The four documents produced were the only responsive records, but certain information, including domain names associated with certain email addresses, were withheld.

(c) By December 18, 2014, Judicial Watch completed its review of the State Department's draft *Vaughn* index and document production, and notified the State Department of its objections. Judicial Watch requested a draft declaration describing the State Department's searches for records responsive to the FOIA request.

(d) On December 31, 2014, the parties filed their first status report. (ECF No. 10). Because the State Department asked to have until February 2, 2015 to respond to Judicial Watch's request for a draft search declaration, the parties requested permission to submit recommendations for further proceedings in a second status report due by February 2, 2015. (ECF No. 10).

4. During discussions among counsel in preparation of the second joint status report, counsel for the State Department notified Judicial Watch's attorney that the State Department had discovered that additional searches for potentially responsive documents had to be conducted. The State Department did not disclose that Secretary Clinton's emails had never

been searched or that the State Department's response to this FOIA request was compromised as a result of "unusual" email practices by Secretary Clinton and some of her staff during her tenure at the State Department. (ECF No. 11).  Judicial Watch agreed to a final search and production deadline of April 2, 2015.  Judicial Watch requested that the State Department also produce by April 2, 2015 a draft declaration describing how the State Department conducted searches for potentially responsive documents.  The parties submitted a second joint status report on February 2, 2015, consistent with the representations in the first status report, to memorialize and inform the Court of the parties' agreement.  (ECF No. 11).

     5.     Prior to the April 2, 2015 deadline, Judicial Watch learned through a public report published by the *New York Times* on March 2, 2015 that Secretary Clinton used at least one non-"state.gov" email account exclusively to conduct official government business during her entire tenure as the Secretary of State.[1]  Judicial Watch also learned through the report that Secretary Clinton stored these records on a non-U.S. government server at her home in Chappaqua, New York.  It appears that she unilaterally determined, some time in 2014, which of these emails were official government records, and only returned approximately 55,000 printed pages of these records to the State Department on December 5, 2014.[2]  Judicial Watch learned through subsequent press reports that other officials from the Office of the Secretary used non-state.gov email accounts to conduct government business during Secretary Clinton's tenure.  They include Cheryl Mills, chief of staff, Jacob Sullivan, deputy chief of staff, Huma Abedin, deputy chief of staff, and Philippe Reines, senior advisor.[3]  Before the March 2, 2015 news report, Judicial

---

[1] *See* Michael S. Schmidt, *Hillary Clinton Used Personal Email Account at State Dept., Possibly Breaking Rules*, the N.Y. Times (Mar. 2, 2015), available at http://www.nytimes.com/2015/03/03/us/politics/hillary-clintons-use-of-private-email-at-state-department-raises-flags.html.
[2] Hillary Clinton, *Statement from the Office of Former Secretary Clinton* (Mar. 10, 2015), available at http://insider.foxnews.com/2015/03/10/read-hillary-clintons-office-releases-qa-email-controversy.
[3] *See* http://www.wsj.com/articles/clinton-private-email-plan-drew-concerns-early-on-1426117692.

Watch was unaware that Secretary Clinton or her staff had used non-state.gov email addresses to conduct government business and that the State Department's response to the FOIA request was compromised.

6.  In light of the new information revealed on March 2, 2015, Judicial Watch filed a motion for a status conference on March 16, 2015 to address the implications of the use of non-state.gov email addresses by Secretary Clinton and her staff in this litigation. (ECF No. 12).

7.  The State Department filed its opposition to Judicial Watch's motion for a status conference on March 20, 2015. (ECF. No. 14). It argued that "there is simply no need for a status conference at this time" because the State Department has already searched Secretary Clinton's emails and would provide any responsive records, a draft search declaration, and if necessary, a revised draft *Vaughn* index by April 2, 2015. Def. Opp. to Mot. for Status Conference, p. 1 (ECF No. 14). The motion is fully briefed and pending before the Court.

8.  On April 2, 2015, consistent with the parties' second joint status report, the State Department produced an unsigned declaration drafted on behalf of John F. Hackett, Acting Director of the Office of Information Programs and Services ("IPS"), that described the State Department's searches. The State Department did not produce any additional responsive records or a revised draft *Vaughn* index.

9.  Judicial Watch notified the State Department of its objections to the draft search declaration on April 22, 2015, pursuant to the parties' second status report filed on February 2, 2015. Judicial Watch requested the State Department to disclose the identities and positions of the "three individuals [referenced in the declaration] within the Office of the Secretary who dealt with the subject of Plaintiff's request and whose records were likely to contain responsive records," but who also may have used non-state.gov email addresses to conduct government

4

business; how these individuals were selected as having dealt with the request; whether they made their government related emails available to search by the State Department in response to this FOIA request; and whether the State Department has conducted a wider agency search of email accounts of potential recipients to email communications from Secretary Clinton and her staff who used non-state.gov email addresses.

10. On April 30, 2015, in response to Judicial Watch's objections, the State Department provided a revised draft search declaration. The State Department still refuses to provide significant information that affects its search for records responsive to the FOIA request.

11. Judicial Watch does not know, and the State Department refuses to identify the three persons referred to in the draft declaration or to say whether they are also persons who used, in whole or in part, a non-state.gov email account stored on Secretary Clinton's server located at her home in Chappaqua, New York. The State Department also refuses to disclose their response to the State Department's request that they make available any federal records to the State Department that may be stored on their personal emails. Whether these persons used non-state.gov email addresses, where they may be located and how they may be retrieved affects the State Department's search and production of responsive records to Judicial Watch's request.

11. The State Department also refuses to conduct a wider agency search of email accounts of potential recipients to Secretary Clinton and the other three individuals who dealt with the subject matter of the request within the Office of the Secretary.

11. Because it is already evident from the draft declarations and public reports that the State Department has not done what it is supposed to do under FOIA and the Federal Records Act with respect to records-management and conducting reasonable searches, Judicial Watch respectfully requests that the Court schedule a status hearing to address these issues before any

summary judgment motion briefing is scheduled in this case.  *See* 74 FR 51020, National Archives and Records Administration (NARA) § 1222.34 (2009); *see* Pltf. Mot. for Status Conf., ¶ 8 (ECF No. 12).  The parties and their attorneys are available for a status conference May 20, 2015 through May 29, 2015.  Counsel will provide additional mutually available dates if the Court requests.

      12.     In the event the Court denies Judicial Watch's request for a status conference at this time, the parties propose the following briefing schedule for summary judgment:

      (a)     Defendant's summary judgment motion due by June 30, 2015;

      (b)     Plaintiff's opposition to motion for summary judgment, and any cross-motion for summary judgment due by July 31, 2015;

      (c)     Defendant's combined reply and opposition to any cross-motion for summary judgment due by August 28, 2015;

      (d)     Plaintiff's reply in support of any cross-motion for summary judgment due by September 16, 2015.

**Defendant's Statement**

      1.     The parties have a run-of-the-mill FOIA dispute.  Defendant Department of State believes it has conducted "search[es] reasonably calculated to uncover all relevant documents" in its custody and control.  *Weisberg v. Department of Justice*, 705 F.2d 1344, 1350-51 (D.C. Cir. 1983).  Judicial Watch disagrees.  The appropriate way to proceed is with the same course of action that would be undertaken in any FOIA case when the parties find themselves at such an impasse: filing motions for summary judgment and follow-up briefs to present to the Court, in a fully fleshed out and researched manner, the factual and legal arguments in support of each

party's positions. The Department therefore respectfully proposes the following briefing schedule, which Judicial Watch also agrees is appropriate:[4]

    (a)    Defendant's summary judgment motion due by June 30, 2015;

    (b)    Plaintiff's opposition to motion for summary judgment, and any cross-motion for summary judgment, due by July 31, 2015;

    (c)    Defendant's combined reply and opposition to any cross-motion for summary judgment due by August 28, 2015;

    (d)    Plaintiff's reply in support of any cross-motion for summary judgment due by September 16, 2015.

In support of its recommendation, the Department states the following:

    2.    Judicial Watch submitted a FOIA request to the State Department's Office of the Secretary seeking copies of any talking points, given to Ambassador Rice by the White House or any federal agency, about the September 12, 2012 attacks on the U.S. consulate in Benghazi, and communications about such talking points. This FOIA request is quite limited in scope. It does not seek all records relating to the attacks in Benghazi, but rather only "talking points and updates to those talking points, not general intelligence updates about the Benghazi attacks (unless those updates were sent in furtherance of developing or updating talking points)." Def. Opp. to Mot. for Status Conference, Ex. 1 (Email from Ramona Cotca, Sep. 12, 2014) (ECF No. 14-1) (confirming scope of request). In September, 2014, the Department filed a motion seeking to revise the Court's scheduling order; Judicial Watch did not object to the relief sought in that motion. The Court adopted the proposed schedule, setting the following deadlines: (1) November 12, 2014 for the Department to produce to Judicial Watch all non-exempt,

---

[4] Although Judicial Watch does not think a briefing schedule should be set before holding a status conference, it has agreed to this schedule should the Court choose to order briefing.

responsive documents subject to the FOIA; (2) December 5, 2014 for the Department to produce to Judicial Watch a draft *Vaughn* index; (3) December 19, 2014 for Judicial Watch to provide to the Department any objections to the withholdings described in the draft *Vaughn* index and the parties to confer thereafter to attempt to resolve this matter without litigation; (4) January 2, 2015 for the parties to file a joint status report.  *See* Def.'s Mot. for Scheduling Order (ECF No. 8); Order of Sep. 15, 2014 (ECF No. 9).

3.      These deadlines were met: the Department conducted a search reasonably calculated to uncover all responsive documents in its custody and control and produced four responsive documents on November 12, 2014 and a draft *Vaughn* index on December 5, 2014.  Judicial Watch raised no objections to the withholdings described in the *Vaughn* index, but asked for a description of the search.  The parties conferred and, in an effort to resolve the litigation, the Department agreed to provide a draft declaration describing the searches it had conducted.  Judicial Watch agreed to allow the Department until February 2, 2015, to provide the draft search declaration.  The parties filed a joint status report on December 31, 2014 reflecting this agreement.  Joint Status Report (ECF No. 10).

4.      The Department became aware of several additional searches it needed to conduct, including a search of emails provided by former Secretary of State Hillary Clinton that the Department received after the conclusion of the search for, and production of, responsive documents.  After discussions between counsel, during which counsel for Judicial Watch was informed by phone that the searches involved emails that were not addressed during the initial search, Judicial Watch agreed to give the Department until April 2, 2015 to conduct the additional searches, produce any responsive documents and, if necessary, a revised *Vaughn* index, and to provide a draft search declaration.

5. The Department completed the additional searches, which uncovered no additional responsive documents. On April 2, 2015, the Department provided to Judicial Watch a draft declaration describing those searches, as well as the searches conducted in September, 2014. In that draft search declaration, the Department described the extensive searches conducted by the Department. These searches encompassed three databases within the Office of the Secretary, the state.gov email accounts of the three individuals within that office likely to contain documents responsive to the FOIA request, and the collection of emails provided by former Secretary Clinton. The searches of the databases and state.gov email accounts involved an extensive list of overlapping keywords designed to cast a broad net; those emails provided by former Secretary Clinton that were sent or received during the relevant period were manually reviewed. In addition, the draft declaration describes searches outside the Office of the Secretary that were conducted as a quality-control check and to ensure that no responsive documents were overlooked.

6. On April 22, 2015, counsel for Judicial Watch asked counsel for the Department a series of questions regarding the draft search declaration. In addition, counsel for Judicial Watch asked the Department to conduct additional searches outside the Office of the Secretary, despite the fact that the FOIA request was limited to that Office. In response, the Department provided to Judicial Watch an amended draft search declaration on April 30, 2014, which answered all but one of the questions posed by Judicial Watch. In a phone conversation following delivery of the amended draft declaration, counsel for the Department informed counsel for Judicial Watch that the Department would not conduct searches beyond the scope of the original FOIA request.

7. Judicial Watch now seeks a status conference prior to any briefing to "address"— without specifying what this might mean or what relief it might seek—its objections to the

Department's search.[5]  Judicial Watch provides no reason to deviate from the normal course of FOIA litigation.  If Judicial Watch is seeking a specific order from the Court, it should do so in the form of a written filing, rather than in the ad-hoc setting of a status conference.  The briefing schedule agreed to by the parties provides Judicial Watch with the opportunity to do just that; it is the best vehicle for ensuring all the relevant facts and law are presented to the Court and that counsel have had a chance to confer with their respective clients and to conduct research regarding the specific issues implicated by any request for relief.  *See Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993) (finding that "[g]enerally, FOIA cases should be handled on motions for summary judgment" in rejecting plaintiff's "early attempt" to litigate certain issues before "the government has first had a chance to provide the court with the information necessary to make a decision").

---

[5] To the extent Judicial Watch wishes to "address" issues related to the Federal Records Act, see Plaintiff's Statement ¶ 11, FOIA is not a proper vehicle for enforcement of the Federal Records Act.  *See Competitive Enterprise Institute*, 2015 WL 967549, at *5 (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 154 (1980)).

| | |
|---|---|
| Date: May 1, 2015 | Respectfully submitted, |

| | |
|---|---|
| JUDICIAL WATCH, INC. | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
| | ELIZABETH J. SHAPIRO<br>Deputy Branch Director |
| */s/ Ramona R. Cotca*<br>RAMONA R. COTCA<br>(D.C. Bar No. 501159)<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024<br>(202) 646-5172, ext. 328<br><br>*Counsel for Plaintiff* | */s/ Robert J. Prince*<br>ROBERT J. PRINCE (D.C. Bar No. 975545)<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave., N.W.<br>Washington, DC 20530<br>Tel: (202) 305 3654<br>robert.prince@usdoj.gov<br><br>*Counsel for Defendant* |