## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUDICIAL WATCH** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **U.S. Department of State,** | § |
| | § |
| **Defendant.** | § |

No. 1:14-cv-01242-RCL

## DECLARATION OF JOHN F. HACKETT
## REGARDING EXEMPTIONS TAKEN IN RESPONSIVE DOCUMENTS

Pursuant to 28 U.S.C. § 1746, I, John F. Hackett, declare and state as follows:

1.    I am the Director of the Office of Information Programs and Services ("IPS") of

the United States Department of State (the "Department"). In this capacity, I am the Department

official immediately responsible for responding to requests for records under the Freedom of

Information Act (the "FOIA"), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and

other applicable records access provisions. I have been employed by the Department in this

capacity since June 2015. Prior to assuming this role, I served as the Acting Director of IPS

since April 2014 and Deputy Director since April 2013. As the IPS Director, I am authorized to

classify and declassify national security information. I make the following statements based

upon my personal knowledge, which in turn is based on a personal review of the records in the

case file established for processing the subject request and upon information furnished to me in

the course of my official duties. I am familiar with the efforts of Department personnel to

process the subject request, and I am in charge of coordinating the agency's search and recovery

efforts with respect to that request.

2.     The core responsibilities of IPS include: (1) responding to records access requests

made by the public (including under the FOIA, the Privacy Act, and the mandatory

declassification review requirements of the Executive Order governing classified national

security information), by members of Congress, by other government agencies, and those made

pursuant to judicial process such as subpoenas, court orders and discovery requests; (2) records

management; (3) privacy protection; (4) national security classification management and

declassification review; (5) corporate records archives management; (6) research; (7) operation

and management of the Department's library; and (8) technology applications that support these

activities.

3.     This declaration explains the Department's search for records responsive to the

FOIA request at issue in this litigation.

## I. ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUEST AND THE SEARCH FOR RESPONSIVE DOCUMENTS

4.     By letter dated May 13, 2014, Judicial Watch ("Plaintiff") submitted a FOIA

request to the Department requesting that "the Office of the Secretary produce the following

within twenty (20) business days:

> 1) Copies of any updates and/or talking points given to
> Ambassador Rice by the White House or any federal agency
> concerning, regarding, or related to the September 11 2012 attack
> on the U.S. consulate in Benghazi, Libya.
>
> 2) Any and all records or communications concerning, regarding,
> or relating to talking points or updates on the Benghazi attack
> given to Ambassador Rice by the White House or any federal
> agency.

2

*See* Ex. A (Plaintiff's FOIA request, F-2014-08848).[1]

5.     In correspondence with counsel for the Department, Plaintiff further clarified that its request does not seek all records relating to the attacks of September 11, 2012 in Benghazi, but rather only "talking points and updates to those talking points, not general intelligence updates about the Benghazi attacks (unless those updates were sent in furtherance of developing or updating talking points)." *See* Ex. B (Email from Ramona Cotca, Sep. 4, 2014) (confirming scope of request).

6.     When the Department receives a FOIA request, IPS evaluates the request to determine which offices, overseas posts, or other records systems within the Department may reasonably be expected to contain the records requested. This determination is based on the description of the records requested and requires a familiarity with the holdings of the Department's records systems, applicable records disposition schedules, and the substantive and functional mandates of numerous Department offices and Foreign Service posts and missions. Factors such as the nature, scope, and complexity of the request itself are also relevant.

7.     Each office within the Department, as well as each Foreign Service post and mission, maintains files concerning foreign policy and other functional matters related to the daily operations of that office, post, or mission. These files consist generally of working copies of documents, information copies of documents maintained in the Central Foreign Policy

---

[1] This request was identically worded to a request previously made by the Plaintiff and directed toward the United States Mission to the United Nations ("USUN/W"). This previous request was the subject of related litigation, 1:13-cv-00951, which the parties settled after the Department produced 98 documents totaling 1,439 pages responsive to that request. *See* Ex. C at 1 (*Judicial Watch v. State*, (D.D.C. 13-951), FOIA Request Letter (Dkt No. 8-1)).

3

Records collection, and other documents prepared by or furnished to the office in connection with the performance of its official duties, as well as electronic copies of documents and e-mail messages.

8.      Plaintiff's request specified that it sought records only from the Office of the Secretary. Therefore, the Department tasked only the Executive Secretariat to search for agency records responsive to Plaintiff's avowed construction of its request that were generated between September 11, 2012, and September 23, 2014, the day that the search was conducted.[2]

## The Executive Secretariat ("S/ES")

9.      The Office of the Executive Secretariat Staff ("S/ES-S") is responsible for coordination of the work of the Department internally, serving as the liaison between the Department's bureaus and the offices of the Secretary, the Deputy Secretary, and the Under Secretaries. It is responsible for coordinating search responses for the Office of the Secretary of State ("S"), the Office of the Deputy Secretary of State ("D"), the Office of Policy Planning ("S/P"), the Office of the Under Secretary for Political Affairs ("P"), and the Counselor of the Department ("C").

10.      On September 9, 2014, a Management Analyst who was knowledgeable of both the request and S/ES-S records systems conducted a search of S/ES-S electronic records systems reasonably likely to contain responsive records. These systems include the Secretariat Tracking

---

[2] The immediate Office of the Secretary is comprised of the Secretary's Chief of Staff, the Counselor of the Department, Deputy Chief of Staff, the Secretary's secretary, the Executive Assistant, special assistants, the Secretary's scheduler, staff assistant, and personal assistants. This staff handles all of the day-to-day matters of the Secretary, including meetings at the Department, functions in Washington and throughout the country, and travel around the world.

4

and Retrieval System ("STARS"),[3] the Secretariat Telegram Processing System ("STePS"),[4] the Cable Archiving Retrieval System ("CARS"),[5] and the Top Secret files ("TS"). These systems' search capabilities are wildcard-based, meaning that common variations of the keywords being searched would be retrieved (*e.g.*, a search for "directive" would produce "directive's").

11.     On September 23, in furtherance of this process, S/ES-S also searched the state.gov email accounts of three individuals—Cheryl Mills (Counselor and Chief of Staff to former Secretary Clinton), Jacob Sullivan (Deputy Chief of Staff for Policy to former Secretary Clinton), and Huma Abedin (Deputy Chief of Staff for Operations to former Secretary Clinton)—within the Office of the Secretary. These individuals were selected by members of the Office of the Secretary based on their understanding of which staff members within the Office of the Secretary during former Secretary Clinton's tenure worked on issues related to the Benghazi attacks and whose records may therefore reasonably be expected to contain responsive records.

12.     For both the databases and the email records, S/ES used the search terms "Ambassador" or "Rice" or "USUN/W" or "September 11, 2012" or "attack" or "Benghazi" or "Libya" or "talking points" or "TPs" or "updates."

---

[3] STARS is an automated system used to track, control, and record documents containing substantive foreign policy information passing to, from, and through the offices of the Secretary of State, the Deputy Secretary of State, and other Department principal officers. Original documents are indexed, scanned, and stored as images in STARS. Information in STARS covers the period 1988 to the present.

[4] STePS is designed to distribute cables among the Department's principals.

[5] CARS is designed to provide access to a contemporary portion of the Department's telegram archive deemed to be of general interest.

13. During searches of the email records, as well as the STePs and CARS databases, the search terms were applied to each document, as well as attachments that contain searchable text. During the search of STARS, the search terms were applied to a descriptive abstract attached to each document. Each STARS abstract was created by a Technical Information Specialist when the document was added to the database; this abstract is designed to capture the subject matter of the related document. For documents from the time period relevant to the FOIA request, the abstracts are the only portions of the STARS database whose text may be searched. Similarly, during the TS search, the search terms were applied to an index of TS files. Each TS index entry, along with key words and a topic description, was added by a Management Analyst into the index. This index, rather than the full text of the TS files themselves, can be searched.

14. The use of "or" between the search terms indicates that this was a disjunctive search; the terms listed would have retrieved any documents that contain (for email, STePS, CARS records), or whose abstracts or indexes contain (for STARS and TS records), the word "Ambassador," for example, even if the document, abstract, or index contained none of the other search terms. These searches were completed on September 23, 2014, and returned a number of records, which were then reviewed for responsiveness.

15. In addition, to guard against the possibility that a particular document was overlooked, the Management Analyst also reviewed each of the documents that were produced to Plaintiff from USUN/W, rather than the Office of the Secretary, in the related litigation described in footnote 1 above. The Management Analyst examined each sender or recipient of each

6

document produced in that litigation; documents with a recipient or sender who was in the Office of the Secretary at the time the email was sent were treated as responsive.

16.     As a result of the searches of email records, database records, and records produced in the prior related litigation as described in this paragraph, the Management Analyst found four documents responsive to Plaintiff's FOIA request, all of which had been previously produced to Plaintiff in the related litigation described in footnote 1. By letter dated November 11, 2014, the Department released one document in full and three documents in part. *See* Ex. D (Letter of Nov. 12, 2014).

17.     After the searches in this case had been completed and the four responsive documents delivered to the Plaintiff, the Department received approximately 55,000 pages of hard copy emails and attachments to emails, arranged in chronological order, from former Secretary Clinton.[6] These records were provided by her in response to an earlier request from the Department of State that, if former Secretaries or their representatives were "aware or [were to] become aware in the future of a federal record, such as an email sent or received on a personal email account while serving as Secretary of State, that a copy of this record be made available to the Department." *See* Ex. E (Text of Letter to Former Secretaries of State Concerning the Federal Records Act of 1950). The Deputy Directory of S/ES-S applied the same search terms described above, see ¶ 12, to two PDFs containing scanned images of a subset of these documents, specifically, the documents that were sent or received on or after September

---

[6] Former Secretary Clinton did not use a state.gov email account.

7

11, 2012, through the end of former Secretary Clinton's tenure on January 31, 2013. For each PDF, the Deputy Director entered a search term individually into the Find command in Adobe Reader and navigated to each occurrence of the search term in the PDF. The Deputy Director reviewed for responsiveness each individual document that contained an occurrence of the search term. This process was repeated for each search term listed above in Paragraph 12. No responsive records were found.

18. Earlier this year, the Department sent letters to Ms. Mills, Mr. Sullivan, and Ms. Abedin, whose state.gov accounts were searched in response to this FOIA request. In those letters, the Department asked those individuals to make available to the Department any federal records that they may have in their possession, such as emails concerning official government business sent or received on a personal email account while serving in their official capacities with the Department, if there is any reason to believe that those records may not otherwise be preserved in the Department's recordkeeping system.

19. All three individuals have responded to those letters, through counsel, to inform the Department that they have begun the process of searching for and providing the Department documents in their possession that may potentially be federal records. That process is ongoing.

20. On June 26, 2015, counsel for Ms. Mills and counsel for Mr. Sullivan provided the Department with a number of documents in response to the letters. An attorney in the Department's Office of the Legal Adviser has reviewed these newly received documents and discovered one responsive document among those that had been provided by Mr. Sullivan, a two-message email chain that mentioned the talking points in the course of a larger discussion,

8

which it has determined should be withheld in full pursuant to FOIA Exemption 5. *See* ¶¶ 25-27, *infra*.

21. The earlier message in that email chain is a forward of an email that was sent to, among other people, former Secretary Clinton. A Department attorney has determined that it was among the 55,000 pages provided to the Department by former Secretary Clinton. This earlier message had been reviewed by Staff in the Office of the Secretary during the process described above in Paragraph 17 but deemed unresponsive because the references to "talking points" contained therein appeared to be about a separate set of talking points being developed within the Office of the Secretary for future use. It was not clear from the face of the earlier message that one of the references to "talking points" was to those that had been given to Ambassador Rice. A Department attorney has determined that the copy of the earlier message included in the document received from Mr. Sullivan is identical to the copy received from former Secretary Clinton. However, the later message in the email chain, which was not sent to former Secretary Clinton, made it clear that one portion of the earlier message had, indeed, been discussing the talking points given to Ambassador Rice.

## II. EXEMPTIONS CLAIMED

### FOIA Exemption 5—Deliberative Process Privilege

22. 5 U.S.C. § 552(b)(5) states that the FOIA does not apply to:

> inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency....

23. Exemption 5, 5 U.S.C. § 552(b)(5), protects from disclosure information that is normally privileged in the civil discovery context, including information that is protected by the

9

deliberative process. The deliberative process privilege protects the confidentiality of candid views and advice of U.S. Government officials in their pre-decisional deliberations related to policy formulation and administrative direction.

24. For example, certain information withheld in this case reflects drafts of materials being prepared for senior Department officials, together with suggested revisions being offered by Department employees.[7] Disclosure of material containing such deliberations or material on which such deliberations are based could reasonably be expected to chill the open and frank exchange of ideas and recommendations in which Department officials are involved. It would severely hamper the ability of responsible Department officials to formulate and carry out executive branch programs. Information in one document in this case, as detailed below, has been withheld on the basis of this exemption. Disclosure of this information, which is pre-decisional and deliberative, and contains selected factual material intertwined with opinion, would inhibit candid internal discussion and the expression of recommendations and judgments regarding current problems and preferred courses of action by Department personnel with respect to materials being prepared for senior Department officials. The withheld information is, accordingly, exempt from release under Exemption 5, 5 U.S.C. § 552(b)(5) pursuant to the deliberative process privilege.

## FOIA Exemption 6—Personal Privacy

25. 5 U.S.C. § 552 (b)(6) states that the FOIA does not apply to

---

[7] Four documents were withheld in part pursuant to various FOIA exemptions. Counsel for Plaintiff has confirmed via email that Plaintiff is not challenging any of the redactions in the documents produced to it. Ex. F (Email from Ramona Cotca, June 15, 2015). Therefore, this declaration only addresses the exemptions that apply to the document that was provided by Mr. Sullivan on June 26, 2015, which has been withheld in full.

10

personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy..."

26. Courts have interpreted the language of Exemption 6 broadly to encompass all personal information that applies to an individual, without regard to whether it was located in a particular type of file. The Department withheld only the domain names in the personal email addresses of Jacob Sullivan, Cheryl Mills, and Philippe Reines under Exemption 6.

27. Inasmuch as the information withheld is personal to an individual, there is clearly a privacy interest involved. I am required, therefore, to determine whether there exists any public interest in disclosure and to weight any such interest against the extent of the invasion of privacy.

28. In *United States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749 (1989), the Supreme Court laid down two rules for determining public interest in disclosure of information involving a privacy interest: (1) whether disclosure would serve the "core purpose" for which Congress enacted the FOIA, i.e., to show "what the government is up to," and (2) that public interest means the interest of the public in general, not particular interests of the person or group seeking the information. Accordingly, the identity of the requester as well as the purpose for which the information is sought is irrelevant in making the disclosure determination.

29. As for all of the information withheld pursuant to Exemption 6, I have concluded that (1) disclosure of the information withheld would result in a clearly unwarranted invasion of personal privacy; and (2) disclosure of the information would not serve the "core purpose" of the FOIA, i.e., it would not disclose information about "what the government is up to."

11

Accordingly, I have determined that the privacy interests clearly outweigh any public interest in disclosure of the withheld information.

## Document Description

30.   **Document C05831334** , which is discussed above, *see* ¶¶ 20-21, is a three-page intra-agency email exchange consisting of two messages. The earlier message is from Jacob Sullivan to former Secretary Clinton's non-state.gov email address and Cheryl Mills (who is listed on the "Cc" address line) and has the subject "Key Points." It was sent on September 29, 2012 at 11:09 AM. The later message is from Cheryl Mills to Jake Sullivan and Philippe Reines (Deputy Assistant Secretary of State for Strategic Communications and Senior Communications Advisor to Secretary Clinton) and has the subject "Fwd: REVISED Key Points." It was sent on September 29, 2012 at 1:18 PM. The bodies of the messages consist of drafts, composed by advisors to former Secretary Clinton, of a proposed future communication from the former Secretary to a member of the U.S. Senate concerning various issues related to the attacks of September 11, 2012 in Benghazi. A portion of each draft consisted of a summary of the talking points that had been sent to Ambassador Rice (although, as explained above, *see* ¶¶ 20-21, the Department did not realize that the earlier message included a reference to those talking points until the Department received and reviewed the second message in the email chain). The Department has withheld the email chain in full under FOIA Exemption 5 pursuant to the

12

deliberative process privilege and the domain names associated with the private email addresses of Ms. Mills, Mr. Sullivan, and Mr. Reines under Exemption 6.[8]

31.     As non-final drafts, the bodies of these messages consist in their entirety of information that is pre-decisional and deliberative in nature. Release of this material could reasonably be expected to chill the frank deliberations that occur when senior staff are preparing points or other draft remarks for use by senior Department officials in addressing a matter of public controversy. The material is therefore exempt under FOIA Exemption 5, 5 U.S.C. § 552(b)(5) pursuant to the deliberative process privilege.

32.     Inasmuch as the information withheld under Exemption 6 in the email chain identifies a specific individual, a personal privacy interest exists in the information. Therefore, I am now required to determine whether there exists any public interest in disclosure and, if a public interest is implicated, to weigh any such interest against the privacy interest to determine whether disclosure would constitute a clearly unwarranted invasion of personal privacy.

33.     Any individual, including a U.S. Government employee, has a privacy interest in his or her personal email address because the release of this information could result in harassment or unwanted attention. Moreover, the release of the domain name of a personal email address would not shed light on government operations. The domain names of the personal email addresses in the email chain are therefore exempt under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).

---

[8] The Department does not seek to protect the non-state.gov email address of former Secretary Clinton ("hdr22@clintonemail.com"), which is in the earlier email in the email chain.

13

34.    The Department conducted a line-by-line review of the email chain and

determined that there was no reasonably segregable, non-exempt material that could be released,

other than the information disclosed in the preceding two paragraphs.

## CONCLUSION

35.    In summary, the Department conducted a thorough search of all Department

records systems within the Office of the Secretary that were reasonably likely to maintain

records responsive to Plaintiff's FOIA request and located five responsive documents, one of

which it released in full, three of which it released in part, and one of which it withheld in full.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

Executed this ___7th___ day of July 2015, Washington, D.C.

John F. Hackett

14

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUDICIAL WATCH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:14-cv-01242-RCL** |
| | § | |
| **U.S. Department of State,** | § | |
| | § | |
| **Defendant.** | § | |

## DECLARATION OF JOHN F. HACKETT
## REGARDING EXEMPTIONS TAKEN IN RESPONSIVE DOCUMENTS

## EXHIBIT A

**Plaintiff's FOIA Request**



**Judicial Watch**
*Because no one
is above the law!*

May 13, 2014

**VIA CERTIFIED MAIL**
Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100

**Re: Freedom of Information Act Request**

Dear Freedom of Information Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that Office of the Secretary of State produce the following within twenty (20) business days:

1) Copies of any updates and/or talking points given to Ambassador Rice by the White House or any federal agency concerning, regarding, or related to the September 11 2012 attack on the U.S. consulate in Benghazi, Libya.
2) Any and all records or communications concerning, regarding, or relating to talking points or updates on the Benghazi attack given to Ambassador Rice by the White House or any federal agency.

We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA…The presumption of disclosure should be applied to all decisions involving FOIA.[1]

The memo further provides that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails."

Nevertheless, if any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973),

---

[1] Freedom of Information Act. Pres. Mem. of January 21, 2009, 74 Fed. Reg. 4683.

MAY 20 2014

Department of State
May 13, 2014
Page 2 of 3

*cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

For purposes of this request, the term "record" shall mean: (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, facsimiles, papers, forms, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail; (3) any audio, aural, visual, or video records, recordings, or representations of any kind; (4) any graphic materials and data compilations from which information can be obtained; and (5) any materials using other means of preserving thought or expression.

Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (a)(4)(A)(iii). Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. *Cf. National Security Archive v. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)(defining news media within FOIA context). Judicial Watch has also been recognized as a member of the news media in other FOIA litigation. *See, e.g., Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000); and, *Judicial Watch, Inc. v. Department of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006). Judicial Watch regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge
> reduced below the fees established under clause (ii) if
> disclosure of the information is in the public interest
> because it is likely to contribute significantly to public
> understanding of the operations or activities of government
> and is not primarily in the commercial interest of the
> requester.

5 U.S.C. § 552(a)(4)(A)(iii).

Department of State
May 13, 2014
Page 3 of 3

In addition, if records are not produced within twenty (20) business days, Judicial Watch is entitled to a complete waiver of search and duplication fees under Section 6(b) of the OPEN Government Act of 2007, which amended FOIA at 5 U.S.C. § (a)(4)(A)(viii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch's ongoing efforts to document the operations and activities of the federal government and to educate the public about these operations and activities. Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts.

Given these circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

In an effort to facilitate record production within the statutory time limit, Judicial Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, Judicial Watch will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or kbailey@judicialwatch.org. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

Kate Bailey
Judicial Watch

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUDICIAL WATCH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:14-cv-01242-RCL** |
| | § | |
| **U.S. Department of State,** | § | |
| | § | |
| **Defendant.** | § | |

## DECLARATION OF JOHN F. HACKETT
## REGARDING EXEMPTIONS TAKEN IN RESPONSIVE DOCUMENTS

## EXHIBIT B

**Email from Ramona Cotca, Sep. 4, 2014**

## Prince, Robert (CIV)

| | |
|---|---|
| **From:** | Ramona Cotca <rcotca@JUDICIALWATCH.ORG> |
| **Sent:** | Friday, September 12, 2014 9:45 AM |
| **To:** | Prince, Robert (CIV) |
| **Subject:** | RE: JW v State 14-1242 |

All good.  Confirmed your language below is ok.  Thanks.

Ramona R. Cotca
Senior Attorney
Judicial Watch, Inc.
425 Third Street, SW
Suite 800
Washington, DC  20024
(202)646-5172, ext. 328
(202)646-5199, facsimile
rcotca@JudicialWatch.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and may be legally privileged.  This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  This message may be an attorney-client communication and as such is PRIVILEGED AND CONFIDENTIAL. If you are not the intended recipient, any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately and permanently delete the original message.  Thank you.


-----Original Message-----
From: Ramona Cotca
Sent: Friday, September 12, 2014 9:35 AM
To: 'Prince, Robert (CIV)'
Subject: RE: JW v State 14-1242
Importance: High

Btw, hold off on filing anything.  Still hearing from the client on the scope paragraph below. Will confirm soon, but JW wanted it broader, I understand we may have to change our proposed deadlines.  Thanks.

Ramona R. Cotca
Senior Attorney
Judicial Watch, Inc.
425 Third Street, SW
Suite 800
Washington, DC  20024
(202)646-5172, ext. 328
(202)646-5199, facsimile
rcotca@JudicialWatch.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and may be legally privileged.  This email is intended solely for the use of the individual to whom it is addressed and may contain

information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  This message may be an attorney-client communication and as such is PRIVILEGED AND CONFIDENTIAL. If you are not the intended recipient, any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately and permanently delete the original message.  Thank you.


-----Original Message-----
From: Prince, Robert (CIV) [mailto:Robert.Prince@usdoj.gov]
Sent: Thursday, September 11, 2014 4:42 PM
To: Ramona Cotca
Subject: RE: JW v State 14-1242

Ramona,

Attached as a courtesy are drafts of the motion and proposed order we agreed to yesterday regarding the schedule in this case. Can you please let me know by noon tomorrow (Friday) if there is any aspect that you feel does not accurately reflect our agreement? I need to file before I leave on my trip.

Also, to confirm my earlier discussion with you about the scope of your client's FOIA request, the Department is interpreting the phrases "updates and/or talking points" and "talking points or updates" to focus on talking points and updates to those talking points, not general intelligence updates about the Benghazi attacks (unless those updates were sent in furtherance of developing or updating talking points).

Thanks,

Rob

The information in this transmittal (including attachments, if any) is intended only for the recipient(s) listed above and contains information that is confidential. Any review, use, disclosure, distribution, or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately and destroy all copies of the transmittal. Your cooperation is appreciated.


-----Original Message-----
From: Ramona Cotca [mailto:rcotca@JUDICIALWATCH.ORG]
Sent: Tuesday, September 09, 2014 1:03 PM
To: Prince, Robert (CIV)
Subject: RE: JW v State 14-1242

Sure. Now is good

Ramona R. Cotca
Senior Attorney
Judicial Watch, Inc.
425 Third Street, SW
Suite 800
Washington, DC  20024
(202)646-5172, ext. 328
(202)646-5199, facsimile
rcotca@JudicialWatch.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and may be legally privileged.  This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  This message may be an attorney-client communication and as such is PRIVILEGED AND CONFIDENTIAL. If you are not the intended recipient, any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately and permanently delete the original message.  Thank you.


-----Original Message-----
From: Prince, Robert (CIV) [mailto:Robert.Prince@usdoj.gov]
Sent: Tuesday, September 09, 2014 1:00 PM
To: Ramona Cotca
Subject: RE: JW v State 14-1242

To clarify,  I'm out of the office but can call on my cell. Just let me know when.




-------- Original message --------
From: Ramona Cotca
Date:09/09/2014 12:52 PM (GMT-05:00)
To: "Prince, Robert (CIV)"
Subject: RE: JW v State 14-1242

Rob,
I spoke with my client.  It will be easier to discuss by phone at this point. Let me know when you have time for a call.
Thanks.
Ramona

Ramona R. Cotca
Senior Attorney
Judicial Watch, Inc.
425 Third Street, SW
Suite 800
Washington, DC  20024
(202)646-5172, ext. 328
(202)646-5199, facsimile
rcotca@JudicialWatch.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and may be legally privileged.  This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  This message may be an attorney-client communication and as such is PRIVILEGED AND CONFIDENTIAL. If you are not the intended recipient, any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately and permanently delete the original message.  Thank you.

-----Original Message-----
From: Prince, Robert (CIV) [mailto:Robert.Prince@usdoj.gov]
Sent: Tuesday, September 09, 2014 9:24 AM

To: Ramona Cotca
Subject: RE: JW v State 14-1242

Ramona, if you need to get in touch with me today about this, email will reach me much more quickly than voicemail.

-------- Original message --------
From: Ramona Cotca
Date:09/05/2014 2:24 PM (GMT-05:00)
To: "Prince, Robert (CIV)"
Subject: RE: JW v State 14-1242

Sure.  How about 4?

Ramona R. Cotca
Senior Attorney
Judicial Watch, Inc.
425 Third Street, SW
Suite 800
Washington, DC  20024
(202)646-5172, ext. 328
(202)646-5199, facsimile
rcotca@JudicialWatch.org<mailto:rcotca@JudicialWatch.org>

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and may be legally privileged.  This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  This message may be an attorney-client communication and as such is PRIVILEGED AND CONFIDENTIAL. If you are not the intended recipient, any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately and permanently delete the original message.  Thank you.

From: Prince, Robert (CIV) [mailto:Robert.Prince@usdoj.gov]
Sent: Friday, September 05, 2014 1:07 PM
To: Ramona Cotca
Subject: JW v State 14-1242
Importance: High

Are you available for a call today about this case? According to the Court's order, we have to file dispositive motions by September 29. I'd like to talk about the scope of the search and a disclosure schedule we could propose to the Court; I think we need to file next week, absed on my experience with Judge Lamberth.

Please let me know when would be a good time to talk.

Thanks,

Rob

Robert Prince
Trial Attorney

U.S. Department of Justice, Civil Division Federal Programs Branch For U.S. mail:
Post Office Box 883
Washington, D.C. 20044
For courier and hand deliveries:
20 Massachusetts Ave., N.W., Room 5106
Washington, D.C. 20001
(202) 305-3654 (phone)
(202) 616-8470 (fax)

The information in this transmittal (including attachments, if any) is intended only for the recipient(s) listed above and contains information that is privileged and confidential. Any review, use, disclosure, distribution, or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately and destroy all copies of the transmittal. Your cooperation is appreciated.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUDICIAL WATCH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:14-cv-01242-RCL** |
| | § | |
| **U.S. Department of State,** | § | |
| | § | |
| **Defendant.** | § | |

## DECLARATION OF JOHN F. HACKETT
## REGARDING EXEMPTIONS TAKEN IN RESPONSIVE DOCUMENTS

### EXHIBIT C

**Judicial Watch v. State, (D.D.C. 13-951),**
**FOIA Request Letter**



**Judicial Watch**
*Because no one
is above the law!*

October 18, 2012

**VIA CERTIFIED MAIL**

Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100

**Re: Freedom of Information Act Request**

Dear Freedom of Information Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that the United States Mission to the United Nations produce the following within twenty (20) business days:

1) Copies of any updates and/or talking points given to Ambassador Rice by the White House or any federal agency concerning, regarding, or related to the September 11 2012 attack on the U.S. consulate in Benghazi, Libya.

2) Any and all records or communications concerning, regarding, or relating to talking points or updates on the Benghazi attack given to Ambassador Rice by the White House or any federal agency.

The time frame for this request is September 11th to September 30th, 2012.

We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA...The presumption of disclosure should be applied to all decisions involving FOIA.[1]

The memo further provides that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails."

Nevertheless, if any responsive record or portion thereof is claimed to be exempt

---

[1] Freedom of Information Act. Pres. Mem. of January 21, 2009, 74 Fed. Reg. 4683.

Department of State
October 18, 2012
Page 2 of 4

from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

For purposes of this request, the term "record" shall mean: (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, facsimiles, papers, forms, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail; (3) any audio, aural, visual, or video records, recordings, or representations of any kind; (4) any graphic materials and data compilations from which information can be obtained; and (5) any materials using other means of preserving thought or expression.

Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (a)(4)(A)(iii). Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. *Cf. National Security Archive v. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)(defining news media within FOIA context). Judicial Watch has also been recognized as a member of the news media in other FOIA litigation. *See, e.g., Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000); and, *Judicial Watch, Inc. v. Department of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006). Judicial Watch regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge
> reduced below the fees established under clause (ii) if
> disclosure of the information is in the public interest
> because it is likely to contribute significantly to public
> understanding of the operations or activities of government
> and is not primarily in the commercial interest of the
> requester.

Department of State
October 18, 2012
Page 3 of 4

5 U.S.C. § 552(a)(4)(A)(iii).

In addition, if records are not produced within twenty (20) business days, Judicial Watch is entitled to a complete waiver of search and duplication fees under Section 6(b) of the OPEN Government Act of 2007, which amended FOIA at 5 U.S.C. § (a)(4)(A)(viii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch's ongoing efforts to document the operations and activities of the federal government and to educate the public about these operations and activities. Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts.

Given these circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

In an effort to facilitate record production within the statutory time limit, Judicial Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, Judicial Watch will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or kbailey@judicialwatch.org. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

Kate Bailey

**Department of State**
**October 18, 2012**
**Page 4 of 4**

Kate Bailey
Judicial Watch

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUDICIAL WATCH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:14-cv-01242-RCL** |
| | § | |
| **U.S. Department of State,** | § | |
| | § | |
| **Defendant.** | § | |


## DECLARATION OF JOHN F. HACKETT
## REGARDING EXEMPTIONS TAKEN IN RESPONSIVE DOCUMENTS


## EXHIBIT D

**Letter of Nov. 12, 2014**



**United States Department of State**

*Washington, D.C. 20520*

**NOV 1 2 2014**

Case No. F-2014-08848

Ms. Kate Bailey
425 Third St., SW, Suite 800
Washington, DC 20024

Dear Ms. Bailey:

In response to your request dated May 13, 2014 under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, we have initiated a search of the following Department of State record systems: the Office of the Secretary.

The search of the records of the Office of the Secretary has resulted in the retrieval of four documents responsive to your request. We have determined that all four documents have been previously released to you in case number F-2012-38774. Documents C05415288, C05415290, C05415756 and C05415775 were released to you on April 17, 2014. The released documents are enclosed.

If you have any questions, you may contact Assistant United States Attorney Robert Prince at (202) 305-3654 or Robert.Prince@usdoj.gov. Please be sure to refer to the case number shown above in all correspondence about this case.

Sincerely,

John F. Hackett, Acting Director
Office of Information Programs and Services

Enclosures:
    As stated.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUDICIAL WATCH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:14-cv-01242-RCL** |
| | § | |
| **U.S. Department of State,** | § | |
| | § | |
| **Defendant.** | § | |

DECLARATION OF JOHN F. HACKETT
REGARDING EXEMPTIONS TAKEN IN RESPONSIVE DOCUMENTS

EXHIBIT E

**Text of Letter to Former Secretaries of State
Concerning the Federal Records Act of 1950**

## Gerlach, Alec

| | |
|---|---|
| **From:** | State Department Press Office <usstatebpa@subscriptions.fcg.gov> |
| **Sent:** | Tuesday, March 10, 2015 5:28 PM |
| **To:** | Gerlach, Alec |
| **Subject:** | Letter Sent by the Department to Representatives of Former Secretaries of State |

March 10, 2015

State Department Press Corps,

Please find below the text of the October 28, 2014 letter sent by the Department to representatives of former Secretaries of State, including Secretaries Madeleine K. Albright, Colin Powell, Condoleezza Rice, and Hillary Clinton. The letter requested that copies of any federal record be made available to the State Department for preservation.

Full text of the letters follow:

Dear [Representative of former Secretary of State]:

The Department of State has a longstanding and continuing commitment to preserving the history of U.S. diplomacy, established in authorities under the Federal Records Act of 1950. I am writing to you, the representative of Secretary of State [NAME], as well as to representatives of other former Secretaries (principals), to request your assistance in further meeting this requirement.

The Federal Records Act of 1950, as amended, 44 U.S.C. chapters 29, 31 and 33, seeks to ensure the preservation of an authoritative record of official correspondence, communications, and documentation. Last year, in Bulletin 2013- 03, the National Archives and Records Administration (NARA) clarified records management responsibilities regarding the use of personal email accounts for official government business. NARA recommended that agencies refer to its guidance when advising incoming and departing agency employees about their records management responsibilities. This bulletin was followed by additional NARA guidance on managing email issued on September 15, 2014.  See enclosed.

We recognize that some period of time has passed since your principal served as Secretary of State and that the NARA guidance post-dates that service. Nevertheless, we bring the NARA guidance to your attention in order to ensure that the Department's records are as complete as possible. Accordingly, we ask that should your principal or his or her authorized representative be aware or become aware in the future of a federal record, such as an email sent or received on a personal email account while serving as Secretary of State, that a copy of this record be made available to the Department. In this regard, please note that diverse Department records are subject to various disposition schedules, with most Secretary of State records retained permanently. We ask that a record be provided to the Department if there is reason to believe that it may not otherwise be preserved in the Department's recordkeeping system.

The Department is willing to provide assistance to you in this effort. In the meantime, should you have any questions regarding this request, please do not hesitate to contact [Name of Agency Records Officer], A/GIS/IPS/RA, Agency Records Officer, at [(XXX) XXX-XXXX].

We greatly appreciate your consideration of and assistance with this matter.

Sincerely,

Patrick F. Kennedy

Stay connected with the State Department Office of Press Relations:

Stay connected with the State Department:

This email was sent to gerlachja2@state.gov using GovDelivery, on behalf of: U.S. Department of State · 2201 C Street NW Washington, DC 20520

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUDICIAL WATCH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:14-cv-01242-RCL** |
| | § | |
| **U.S. Department of State,** | § | |
| | § | |
| **Defendant.** | § | |

## DECLARATION OF JOHN F. HACKETT
## REGARDING EXEMPTIONS TAKEN IN RESPONSIVE DOCUMENTS

### EXHIBIT F

**Email from Ramona Cotca, Jun. 15, 2015**

**Prince, Robert (CIV)**

| | |
|---|---|
| **From:** | Ramona Cotca <rcotca@JUDICIALWATCH.ORG> |
| **Sent:** | Monday, June 15, 2015 10:06 PM |
| **To:** | Prince, Robert (CIV) |
| **Subject:** | Re: JW v. State 14-1242 |

That's what I thought. Just making sure.  Thanks.
Ramona


> On Jun 15, 2015, at 9:20 PM, Prince, Robert (CIV) <Robert.Prince@usdoj.gov> wrote:
>
> Thanks, Ramona. The Department did not withhold any records in full; it produced 3 with redactions and 1 in full.
>
> -------- Original message --------
> From: Ramona Cotca
> Date:06/15/2015 8:34 PM (GMT-05:00)
> To: "Prince, Robert (CIV)"
> Subject: JW v. State 14-1242
>
> Rob, regarding the other case (14-1242), JW is not challenging the redactions of the pages produced.  I am not aware
of any records having been withheld in full, but to the extent such records were withheld, this response does not apply
to those records.  If you have any questions, please let me know.  Thanks.
> Ramona
>
> Ramona R. Cotca
> Senior Attorney
> Judicial Watch, Inc.
> 425 Third Street, SW
> Suite 800
> Washington, DC  20024
> (202)646-5172, ext. 328
> (202)646-5199, facsimile
> rcotca@JudicialWatch.org<mailto:rcotca@JudicialWatch.org>
>
> This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and may be legally
privileged.  This email is intended solely for the use of the individual to whom it is addressed and may contain
information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  This message may
be an attorney-client communication and as such is PRIVILEGED AND CONFIDENTIAL. If you are not the intended
recipient, any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received
this communication in error, please notify the sender immediately and permanently delete the original message.  Thank
you.
>
> From: Prince, Robert (CIV) [mailto:Robert.Prince@usdoj.gov]
> Sent: Friday, June 12, 2015 11:53 AM
> To: Ramona Cotca
> Subject: RE: Activity in Case 1:15-cv-00692-APM JUDICIAL WATCH, INC.
> v. U.S. DEPARTMENT OF STATE Order

> 
> Thanks, Ramona.
> 
> From: Ramona Cotca [mailto:rcotca@JUDICIALWATCH.ORG]
> Sent: Friday, June 12, 2015 11:53 AM
> To: Prince, Robert (CIV)
> Subject: RE: Activity in Case 1:15-cv-00692-APM JUDICIAL WATCH, INC.
> v. U.S. DEPARTMENT OF STATE Order
> 
> My thought was to give us enough time if we need to go back to our clients before we have to file.  I can get a quick turn-around from my end, but I know sometimes State can be slower at getting back.  But if you think Monday or Tuesday will give you enough time, that works for me.  Let me know which day you prefer.
> In regards to the other case (14-1242), I cannot confirm that at present.  I have to get back to you on that one but will do so as soon as possible.
> 
> Ramona
> 
> Ramona R. Cotca
> Senior Attorney
> Judicial Watch, Inc.
> 425 Third Street, SW
> Suite 800
> Washington, DC  20024
> (202)646-5172, ext. 328
> (202)646-5199, facsimile
> rcotca@JudicialWatch.org<mailto:rcotca@JudicialWatch.org>
> 
> This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and may be legally privileged.  This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  This message may be an attorney-client communication and as such is PRIVILEGED AND CONFIDENTIAL. If you are not the intended recipient, any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately and permanently delete the original message.  Thank you.
> 
> From: Prince, Robert (CIV) [mailto:Robert.Prince@usdoj.gov]
> Sent: Friday, June 12, 2015 11:44 AM
> To: Ramona Cotca
> Subject: RE: Activity in Case 1:15-cv-00692-APM JUDICIAL WATCH, INC.
> v. U.S. DEPARTMENT OF STATE Order
> 
> Ramona,
> 
> Realistically, I think we should try to talk early the week after, say Monday the 22d or Tuesday the 23d. State has to pull together information on the searches before I can meaningfully discuss schedule. As of now, I can be available any time either afternoon.
> 
> I have a question about the talking points case (Judicial Watch v. State, 14-1242). Am I right in my understanding that Judicial Watch is only challenging the adequacy of the search, and that it is not challenging the redactions taken on 3 of the 4 documents released in response to the FOIA request?
> 
> Thanks,

>
> Rob
>
> Robert Prince
> Trial Attorney
> U.S. Department of Justice, Civil Division Federal Programs Branch
> (202) 305-3654
>
> The information in this transmittal (including attachments, if any) is intended only for the recipient(s) listed above and contains information that is confidential. Any review, use, disclosure, distribution, or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately and destroy all copies of the transmittal. Your cooperation is appreciated.
>
> From: Ramona Cotca [mailto:rcotca@JUDICIALWATCH.ORG]
> Sent: Friday, June 12, 2015 10:57 AM
> To: Prince, Robert (CIV)
> Subject: FW: Activity in Case 1:15-cv-00692-APM JUDICIAL WATCH, INC.
> v. U.S. DEPARTMENT OF STATE Order
>
> Rob,
> Should we schedule a time to confer next week in light of our June 26 deadline in the new State case above?  Let me know a few days/times that are good for you.  Thanks.
> Ramona
>
> Ramona R. Cotca
> Senior Attorney
> Judicial Watch, Inc.
> 425 Third Street, SW
> Suite 800
> Washington, DC  20024
> (202)646-5172, ext. 328
> (202)646-5199, facsimile
> rcotca@JudicialWatch.org<mailto:rcotca@JudicialWatch.org>

> This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2510-2521 and may be legally privileged.  This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  This message may be an attorney-client communication and as such is PRIVILEGED AND CONFIDENTIAL. If you are not the intended recipient, any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately and permanently delete the original message.  Thank you.
>
> From:
> DCD_ECFNotice@dcd.uscourts.gov<mailto:DCD_ECFNotice@dcd.uscourts.gov>
> [mailto:DCD_ECFNotice@dcd.uscourts.gov]
> Sent: Thursday, June 11, 2015 5:20 PM
> To:
> DCD_ECFNotice@dcd.uscourts.gov<mailto:DCD_ECFNotice@dcd.uscourts.gov>
> Subject: Activity in Case 1:15-cv-00692-APM JUDICIAL WATCH, INC. v.
> U.S. DEPARTMENT OF STATE Order
>
>

> This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

> ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

>

> U.S. District Court

>

> District of Columbia

> Notice of Electronic Filing

>

> The following transaction was entered on 6/11/2015 at 5:20 PM and

> filed on 6/11/2015 Case Name:

>

> JUDICIAL WATCH, INC. v. U.S. DEPARTMENT OF STATE

>

> Case Number:

>

> 1:15-cv-00692-APM<https://ecf.dcd.uscourts.gov/cgi-bin/DktRpt.pl?17161

> 2>

>

> Filer:

>

> Document Number:

>

> 7<https://ecf.dcd.uscourts.gov/doc1/04515175114?caseid=171612&de_seq_n

> um=22&magic_num=39981095>

>

>

>

> Docket Text:

> ORDER. Both a complaint and an answer are now before the court in this

> FOIA case. It is hereby ordered that the parties shall meet and confer

> and file a Joint Status Report no later than June 26, 2015. Please see

> the attached Order for additional details. Signed by Amit P. Mehta on

> 06/11/2015. (lcapm2)

>

> 1:15-cv-00692-APM Notice has been electronically mailed to:

>

> Ramona Raula Cotca    rcotca@judicialwatch.org<mailto:rcotca@judicialwatch.org>,

jwlegal@judicialwatch.org<mailto:jwlegal@judicialwatch.org>

>

> Robert J. Prince    robert.prince@usdoj.gov<mailto:robert.prince@usdoj.gov>,

rob@princeclan.org<mailto:rob@princeclan.org>

>

> 1:15-cv-00692-APM Notice will be delivered by other means to::

>

> The following document(s) are associated with this transaction:

> Document description:Main Document

> Original filename:suppressed

> Electronic document Stamp:
> [STAMP dcecfStamp_ID=973800458 [Date=6/11/2015] [FileNumber=4366135-0]
> [4cdbcd0ff2af31edc952a9b1bc0b36c85c4c168a8515c506271c4e0803fe682816cf
> cee938659155f629953688432e24453e003a6614e7bae1fa9fc8359e172c]]
>
>