IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. ) | |
| ) | |
|       *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 14-1242 (RCL) |
| ) | |
| DEPARTMENT OF STATE, ) | |
| ) | |
|       *Defendant*. ) | |

**PLAINTIFF'S MOTION TO ALLOW TIME
FOR LIMITED DISCOVERY PURSUANT TO RULE 56(d)**

Plaintiff Judicial Watch, Inc., by counsel, pursuant to Rule 56(d) respectfully requests that the Court deny, or, in the alternative, defer ruling on Defendant's premature motion for summary judgment and permit time for limited discovery of facts Plaintiff needs to substantively oppose Defendant's motion for summary judgment. Plaintiff respectfully submits the accompanying Rule 56(d) Declaration in support of Plaintiff's motion. Defendant has represented, through counsel, that it opposes Plaintiff's request for the limited discovery.[1] As grounds therefor, Plaintiff submits its memorandum of law below.

**MEMORANDUM OF LAW**

**I.    Introduction**

This case involves an unprecedented removal of an entire system of records from an agency by the agency head. Only through some limited discovery can Plaintiff ascertain necessary facts to determine what sources are available for a reasonable search of the records Plaintiff requested. Defendant's motion for summary judgment is premature and should be

---

[1] Pursuant to LCvR 7(f), Plaintiff requests an oral hearing on Plaintiff's Rule 56(d) Motion.

1

denied.

## II. Factual Background

*(a)   Plaintiff's FOIA request and Defendant's initial search.*

On May 13, 2014, Plaintiff submitted a FOIA request to Defendant's Office of the Secretary seeking access to:

a. Copies of any updates and/or talking points given to Ambassador Rice by the White House or any federal agency concerning, regarding, or related to the September 11, 2012 attack on the U.S. consulate in Benghazi, Libya.

b. Any and all records or communications concerning, regarding, or relating to talking points or updates on the Benghazi attack given to Ambassador Rice by the White House or any federal agency.

(hereinafter also referred to as the "Benghazi talking points").  *See* Compl. at ¶ 5.  Relevant records requested by Plaintiff include, but are not limited to, emails sent and/or received by former State Department officials Hillary Rodham Clinton, Cheryl Mills (chief of staff), Huma Abedin (deputy chief of staff), Jacob Sullivan (deputy chief of staff) and Philippe Reines (senior advisor).

In response to the filing of this lawsuit, Defendant produced four responsive records with redactions on November 12, 2014.  *See* 7/7/15 Decl. of John F. Hackett at ¶16 ("Hackett Decl.") (ECF No. 19-2); *see also* Pltf. Mot. for Status Conf. at ¶ 5 (ECF No. 12).  Defendant did not disclose that it never searched Mrs. Clinton's emails as part of its response to Plaintiff's FOIA request.  *Id.*  Nine months since Defendant first claimed its search was complete, it is still unclear where potentially responsive records are reasonably expected to reside.

On June 30, 2015, when Defendant's motion for summary judgment was due, Defendant requested a one-week extension to review federal records it received on or about June 26, 2015

2

from Ms. Mills and Mr. Sullivan (chief of staff and deputy chief of staff). *See* 6/30/15 Def. Notice at ¶¶ 2-3 (ECF No. 17). At that time, Defendant did not disclose that additional productions were expected in only a matter of weeks. *Id.*; *See* Ex. 2 ("Mills Ltrs.") and Ex. 3 (Abedin Ltrs."), attached to Declaration of Counsel In Support of Plaintiff's Motion to Permit Discovery Pursuant to Rule 56(d) ("Rule 56(d) Decl.") at ¶¶ 7-8. Defendant appears to have received additional records from Ms. Abedin on at least July 9, 2015 and August 6, 2015 and her final production is expected by August 28, 2015. *See* Abedin Ltrs. (Ex. 3). Ms. Mills purportedly returned her final production on or about August 10, 2015.[2] *See* Mills Ltrs. (Ex. 2).

    (b)    *Reports about Mrs. Clinton's government emails and server.*

On March 2, 2015, the New York Times first reported that Mrs. Clinton used at least one "clintonemail.com" email account exclusively for government business while she was secretary of state.[3] It was also then reported that all "clintonemail.com" accounts were routed through a separate email server installed in Mrs. Clinton's house in Chappaqua, New York. Ms. Abedin also used an email account on the "clintonemail.com" email server for government business. 8/10/15 Status Rpt., *Judicial Watch v. Dep't of State*, Case No. 13-1363 (D.D.C.) (ECF No. 22). Plaintiff asked Defendant whether Mr. Sullivan and Mr. Reines used email accounts on the "clintonemail.com" server but Defendant refused to provide the information.

On November 12, 2014, Defendant requested that Mrs. Clinton provide any federal

---

[2] Philippe Reines, another senior advisor to Mrs. Clinton, was also involved in the Benghazi talking points. Def. SJM at p. 14. He appears on an email exchange with Mr. Sullivan, Ms. Mills and Ms. Abedin that Defendant discovered in the June 26, 2015 production either from Ms. Mills, or Mr. Sullivan, or both about the Benghazi talking points. *Id.* It appears that Mr. Reines produced twenty boxes of potential federal records to Defendant on July 28, 2015. *See* Josh Gerstein, *Gawker Presses on Philippe Reines Emails.*, Politico (August 4, 2015). Plaintiff does not have any facts available to determine whether Mr. Reines' allegedly returned a "complete" production of potential federal records to Defendant.

[3] *See* Michael S. Schmidt, *Hillary Clinton Used Personal Email Account at State Dept., Possibly Breaking Rules*, the N.Y. Times (March. 2, 2015).

records she may have, such as emails sent or received on a personal email account while serving as secretary of state, which may not otherwise have been preserved in the Defendant's recordkeeping system. In response to the request, Mrs. Clinton allegedly instructed her attorneys to review emails on her "clintonemail.com" email account and determine which emails are federal records and which are personal. As a result, of the 62,320 emails stored on her "clintonemail.com" account, "30,490 of those emails were provided to [Defendant on December 5, 2015] and 31,830 were [deemed] private, personal records."[4] Mrs. Clinton "chose not to keep her private, personal emails" she or someone else believed were not federal records. *Id*. Mrs. Clinton does not address whether she used any other email accounts for government business or even whether government related emails remained on the BlackBerry and/or iPad she admitted to have used for government business. *Id.*

While Mrs. Clinton's counsel, David Kendall of Williams & Connolly LLP, has asserted that "there are no hdr22@clintonemail.com" emails from Secretary Clinton's tenure as secretary of state on the server for any review, he also does not address whether Mrs. Clinton used other email accounts for government business and whether the server contained Mrs. Clinton's emails from any other email account she may have used for government business.[5] Mr. Kendall's comments also do not address any copies, clones, or duplication of the server's hard drive or any backup tapes or backup servers.[6]

Since Defendant filed its motion for summary judgment, news reports indicate that the

---

[4] *See* Statement from the Office of Former Secretary Clinton (Mach 2015), available at http://www.factcheck.org/UploadedFiles/2015/03/HRC-staff-QA-pdf.pdf.

[5] *See* Michael S. Schmidt, "No Copies of Clinton Emails on Server, Lawyer Says," *New York Times* (March 27, 2015).

[6] *Id.*

"clintonemail.com" server was serviced and maintained by an IT Specialist from the State Department. Bryan Pagliano, the former IT director for Mrs. Clinton's presidential campaign in 2008, was hired by Defendant in May 2009 as an "IT Specialist."[7] As an employee of the Defendant, Pagliano "continued to act as the lead specialist responsible for [the server]."[8] He is reported to have been called to fix problems with the server, including after Hurricane Sandy in October 2012.[9]

### III. The Court Should Grant Plaintiff's Rule 56(d) Motion and Deny Defendant's Premature Motion for Summary Judgment in Order to Allow Adequate Time for Discovery

*(a)   Defendant's motion for summary judgment is premature.*

Defendant moved for summary judgment, yet on its face, it is clear that the motion is premature. Hackett Decl. at ¶ 19 (ECF No. 19-2). Defendant knew its production of potentially responsive records was incomplete, that scheduled productions were imminent, and that its request for extension of time would provide for only a partial review of potentially responsive records.[10] *See* 6/30/15 Def. Notice at ¶¶ 3-4 (ECF No. 17). Defendant also knew that at least some of these records were being reviewed and/or returned in response to the Plaintiff's FOIA

---

[7] Carol D. Leonning, Rosalind S. Helderman, Tom Hamburger, *"FBI Looks into Security of Clinton's Private E-mail Setup," Washington Post* (Aug. 4, 2015).

[8] *Id.*

[9] *Id.*

[10] Contrary to Defendant's assertion, Defendant's motion for summary judgement did not "provide[] the latest available information concerning the letters sent to [Mills, Abedin and Sullivan]" about their productions of federal records to Defendant. *See* Def. SJM n. 6; Mills Ltrs. (Ex. 2); and Abedin Ltrs. (Ex. 3). On or about June 25, 2015, Defendant knew that Ms. Mills' attorneys "hope[d] to provide additional documents in Ms. Mills' possession from the broader time period on a rolling basis next month." *See* Mills Ltr. (June 25, 2015) (Ex. 2). On or about June 29, 2015, Defendant knew that Ms. Abedin's attorneys were "working diligently to respond" and that they "[were] on track to provide…documents…within the next several weeks and hope to work closely with the Department on a timetable for providing any other potential federal records in Ms. Abedin's possession." *See* Abedin Ltr. (June 29, 2015) (Ex. 3).

request in this lawsuit.[11]

For a government agency to obtain summary judgment under FOIA on the adequacy of the search, "the agency must demonstrate beyond material doubt that its search was 'reasonably calculated to uncover **all** relevant documents.'" *See Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (emphasis added), (*quoting Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). Defendant had knowledge of these potentially responsive federal records, was in the process of their productions, yet moved for summary judgment before this was complete. At a minimum, Defendant should be ordered to complete its review of the records from Ms. Mills, Ms. Abedin, Mr. Sullivan and Mr. Reines before Plaintiff can oppose summary judgment.[12]

    *(b)    Limited discovery is necessary and appropriate.*

Even if the review of the records discussed above was complete, which is not, Plaintiff needs limited discovery about Defendant's recordkeeping systems during Mrs. Clinton's tenure before the Court and Plaintiff can determine whether a reasonable search has been conducted under the facts presented here. As explained in the supporting declarations, facts about the recordkeeping system are necessary for the Court and Plaintiff to determine where potentially responsive records are reasonably expected to reside. *See* Rule 56(d) Decl.; 8/21/15 David Sun Decl. (Sun Decl.) attached thereto as Ex. 1.

---

[11] Ms. Abedin's attorneys note in their letter of June 29, 2015 to Under Secretary Patrick F. Kennedy that to date, they had not identified documents responsive to Plaintiff's FOIA request in this lawsuit. If Ms. Abedin's attorneys have made or are making determinations whether a federal record is responsive to Plaintiff's FOIA request in this case, then such a determination by Ms. Abedin's attorneys – as third parties – would be improper.

[12] As an official who likely communicated with the Secretary's office about the Benghazi talking points, Mr. Reines' records should be searched as well. Def. SJM at p. 14. Defendant's position that his records are not relevant because he allegedly was assigned to a separate office is unavailing when emails from the Secretary's office were routed outside the "state.gov" email system.

Plaintiff should not have to rely on piecemeal information provided in public news reports or other pending lawsuits to gather the facts it needs to oppose Defendant's motion. Information recently became available in an unrelated pending lawsuit before the Hon. Emmet G. Sullivan about the use of "clintonemail.com" emails and productions of federal records from Ms. Mills and Ms. Abedin.  7/31/15 Minute Order, 8/10/15 Def. Status Rpt. (ECF No. 22). *Judicial Watch v. Dep't of State* (Case No. 13-1363) (D.D.C.).  While information disclosed in that case about the use of "clintonemail.com" emails and productions of federal records from Ms. Mills and Ms. Abedin is relevant to this case, Plaintiff requires the same information as it relates to Mr. Sullivan and Mr. Reines.

Rule 56(d) prevents Defendant from "railroading" Plaintiff into a premature motion for summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).[13]  A party faced with a premature summary judgment motion is required to file an affidavit "outlin[ing] the particular facts [it] intends to discover and describe why those facts are necessary to the litigation." *Id.* (citing *Byrd v. U.S. Envtl. Prot. Agency*, 174 F.3d 239, 248 (D.C. Cir. 1999)).  Plaintiff has attached such an affidavit to this motion.  *See* Rule 56(d) Decl.  As the known facts already demonstrate, this is the rare FOIA case where discovery is necessary.  *See Landmark Legal Found. v. Envtl. Prot. Agency*, 959 F. Supp. 2d 175 (D.D.C.)

To date, Plaintiff is not aware of all of the email accounts Mrs. Clinton used for government business.   Plaintiff is not aware of Mrs. Clinton ever identifying how she – or others, for that matter – searched for and decided which emails to provide to Defendant. As noted earlier, recent reports suggest that the server in Mrs. Clinton's house was maintained

---

[13] Rule 56(f), which applies in *Celotex Corp.*, is the equivalent of the current Rule 56(d). This applies to several cases cited herein.

and serviced by a State Department IT Specialist.[14] All of these facts are necessary to determine Defendant's system of records available, whether any backups exist and where potentially responsive records reside. Rule 56(d) Decl. at ¶ 5.

As Plaintiff explains in its accompanying Rule 56(d) declaration, the limited subject matters of inquiry are:

- Information to identify officials (custodians) outside the Secretary's office who were likely to communicate to/from the Secretary's office about the subject matter of Plaintiff's FOIA request (e.g. Philippe Reines);

- Information about their use of email accounts and systems outside the "state.gov" servers, including the "clintonemail.com" server and email accounts;

- Information about what electronic and computing devices (BlackBerrys, iPhones, iPads, laptops, desktops, etc.)[15] were used by key officials, their locations and Defendant's ability to search for potentially responsive records;

- How emails and email servers were managed by Defendant, including, but not limited to the "clintonemail.com" server and backup server;

- How files and file servers were managed by Defendant; and/or

- How Defendant implemented system backups.

*See* Rule 56(d) Decl. at 5; Sun Decl. at ¶¶ 12-14, 26 (Ex. 1). Pointed and limited discovery of facts about these issues, as well as the productions of federal records to Defendant from Mr. Sullivan and Mr. Reines is necessary before summary judgment motions.

**IV.   Conclusion**

For the foregoing reasons, the Court should grant Plaintiff's Rule 56(d) motion and deny, or in the alternative, defer ruling on, defendant's motion for summary judgment to allow time for

---

[14] Leonning, Helderman, and Hamburger, *supra*.

[15] Mrs. Clinton recently admitted that she used a Blackberry and iPad as Secretary for her government email. *See* https://www.hillaryclinton.com/p/briefing/factsheets/2015/07/13/email-facts/.

limited discovery.

Dated:  August 21, 2015                              Respectfully submitted,

                                                     JUDICIAL WATCH, INC.


                                                     /s/ Ramona R. Cotca_____
                                                     Ramona R. Cotca, D.C. Bar No. 501159
                                                     JUDICIAL WATCH, INC.
                                                     425 Third Street SW, Suite 800
                                                     Washington, DC  20024
                                                     (202) 646-5172

                                                     *Attorneys for Plaintiff*