## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JUDICIAL WATCH, INC,** | ) | |
| **Plaintiff** | ) | |
|  | ) | |
| **v.** | ) | Civil Action No. 14-1242 (RCL) |
|  | ) | |
| **DEPARTMENT OF STATE** | ) | |
| **Defendant** | ) | |
|  | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion for limited discovery regarding the adequacy of the State Department's search for responsive documents in this Freedom of Information Act case.

The Court set forth the proper legal standards for such discovery in a prior case in which the Environmental Protection Agency had excluded its Administrator from a search of "senior official" files in response to a FOIA request, did not search personal e-mail accounts where official government business was being conducted, and ultimately disclosed that the Administrator was sending and receiving e-mails in her dog's name—which was not subject to the FOIA search. *See Landmark Legal Found. v. Envtl. Prot. Agency*, 959 F. Supp. 2d 175 (D.D.C. 2013). Where there is evidence of government wrong-doing and bad faith, as here, limited discovery is appropriate, even though it is exceedingly rare in FOIA cases.

An understanding of the facts and circumstances surrounding Secretary Clinton's extraordinary and exclusive use of her "clintonemail.com" account to conduct official government business, as well as other officials' use of this account and their own personal e-mail accounts to conduct official government business is required before the Court can determine whether the search conducted here reasonably produced all responsive documents. Plaintiff is

1

certainly entitled to dispute the State Department's position that it has no obligation to produce these documents because it did not "possess" or "control" them at the time the FOIA request was made. The State Department's willingness to now search documents voluntarily turned over to the Department by Secretary Clinton and other officials hardly transforms such a search into an "adequate" or "reasonable" one. Plaintiff is not relying on "speculation" or "surmise" as the State Department claims. Plaintiff is relying on constantly shifting admissions by the Government and the former government officials. Whether the State Department's actions will ultimately be determined by the Court to not be "acting in good faith" remains to be seen at this time, but plaintiff is clearly entitled to discovery and a record before this Court rules on that issue.

The Court must observe that the Government argues in its opposition memorandum (page 9) that "the fact that State did not note that it had not searched Secretary Clinton's e-mails when it responded to Plaintiff's FOIA request . . . was neither a misrepresentation nor material omission, because these documents were not in its possession and control when the original search was completed." The Government argues that this does not show a lack of good faith, but that is what remains to be seen, and the factual record must be developed appropriately in order for this Court to make that determination.

The Court does understand the Government's argument that the sheer volume of pending cases involving these issues is a burden and the Court is aware that Judge Sullivan has already ruled in another case brought by this plaintiff against this defendant—regarding other requested documents—that he will authorize limited discovery. *See Judicial Watch v. Dept. of State*, Civil Action No. 13-1363-EGS (filed Sept. 10, 2013). Briefing is ongoing before Judge Sullivan. When Judge Sullivan issues a discovery order, the plaintiff shall—within ten days thereafter—

file its specific proposed order detailing what additional proposed discovery, tailored to this case, it seeks to have this Court order. Defendant shall respond ten days after plaintiff's submission.

Plaintiff's motion for limited discovery is **GRANTED**.

Defendant's motion for summary judgment is **DENIED**, without prejudice to filing a new motion after authorized discovery is concluded.

It is so **ORDERED**.

Royce C. Lamberth
United States District Judge

DATE: 3/29/16

3