**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,

            Plaintiff,

     v.

U.S. DEPARTMENT OF STATE,

            Defendant.

Case No. 14-cv-1242 (RCL)

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**
**REGARDING AUDIOVISUAL RECORDINGS OF DEPOSITIONS OF**
**CURRENT AND FORMER DEPARTMENT OF STATE CAREER OFFICIALS**

## TABLE OF CONTENTS

BACKGROUND ............................................................................................................... 2

ARGUMENT ................................................................................................................... 3

I.      THE COURT SHOULD ENTER A LIMITED PROTECTIVE ORDER SEALING
        AUDIOVISUAL RECORDINGS OF THE DEPOSITIONS OF CURRENT AND
        FORMER CAREER CIVIL SERVANTS. ...................................................................... 3

        A.      The current and former career civil servants to be deposed in this case
                have strong privacy interests at stake........................................................... 4

        B.      No marginal benefit to the public interest would result from public
                dissemination of audiovisual recordings of these depositions............................. 6

        C.      Courts in this district and around the country have issued similar or
                broader protective orders in similar circumstances. ................................................. 7

CONCLUSION................................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Alexander v. FBI*,
  186 F.R.D. 60 (D.D.C. 1998)......................................................................... 9, 10

*Beck v. DOJ*,
  997 F.2d 1489 (D.C. Cir. 1993)........................................................................ 5

*Felling v. Knight*,
  2001 WL 1782360 (S.D. Ind. Dec. 21, 2001)................................................... 4

*In re Halkin*,
  598 F.2d 176 (D.C. Cir. 1979).......................................................................... 10

*Jones v. Clinton*,
  12 F. Supp. 2d 931 (E.D. Ark. 1998)................................................................ 4

*Joy v. North*,
  692 F.2d 880 (2d Cir. 1982).............................................................................. 3

*Kimberlin v. DOJ*,
  139 F.3d 944 (D.C. Cir. 1998).......................................................................... 5

*Lopez v. CSX Transp., Inc.*,
  No. 14-cv-257, 2015 WL 3756343 (W.D. Pa. June 16, 2015) .......................... 4

*Low v. Trump Univ., LLC*,
  No. 3:13-cv-02519-GPC-WVG, 2016 WL 4098195 (S.D. Cal. Aug. 2, 2016)........ 9

*NARA v. Favish*,
  541 U.S. 157 (2004)......................................................................................... 6

*Paisley Park Enters., Inc. v. Uptown*,
  *Prods.*, 54 F. Supp. 2d 347 (S.D.N.Y. 1999) .................................................. 4, 8

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984)........................................................................................ 3, 7, 8

*Stern v. Cosby*,
  529 F. Supp. 2d 417 (S.D.N.Y. 2007)............................................................... 3

*Tavoulareas v. Washington Post Co.*,
  111 F.R.D. 653 (D.D.C. 1986).......................................................................... 3

*Citizens for Responsibility and Ethics in Washington v. Chaney*,
  580 F. Supp. 2d. 168 (D.D.C.  2008)................................................................ 3

**<u>FEDERAL RULES</u>**

Federal Rule of Civil Procedure 26(c)(1) ................................................................................. 2, 3

Federal Rule of Civil Procedure 30(b)(6) ................................................................................. 2, 3

Local Civil Rule 7(m) ................................................................................................................. 2

Defendant United States Department of State ("State" or "State Department") respectfully moves, pursuant to Federal Rule of Civil Procedure 26(c)(1), for a protective order sealing any audiovisual recordings of Plaintiff's forthcoming depositions of current and former career officials at the State Department.  Career civil servants have a legitimate privacy interest in limiting permanent and public dissemination of video recordings of them being deposed about the alleged misconduct of others, and public availability of the transcripts of those particular depositions—to which State raises no objection—will satisfy any public interest in the content of those depositions. State does not move to seal audiovisual recordings of the forthcoming depositions of any State Department officials who now occupy or previously occupied political appointments at State, all of whom have their own counsel.  But no legitimate public interest is served in publicizing video recordings of current and former career civil servants taken during the non-public, discovery phase of a case.  Without the requested protective order, given the notoriety surrounding issues relating to former Secretary Clinton's use of a private email server, these individuals are at significant risk of being subjected to unwarranted attention and embarrassment.  Moreover, State itself will suffer institutional harm in its ability to recruit, hire, and retain talented individuals to work among its career ranks.  These individuals do not reasonably expect that performance of routine job functions will result in a permanent and public video record of their being deposed about the alleged misconduct of others well above them on the organizational chart.

For those reasons, and because the public would still have full access to the transcripts of all depositions in this matter, State respectfully requests a protective order that would seal any audiovisual recordings of the forthcoming depositions of its current and former career officials.

## BACKGROUND

On January 15, 2019, the Court issued an order allowing Plaintiff to take discovery in this Freedom of Information Act ("FOIA") lawsuit, specifically allowing depositions of certain named individuals. Jan. 15, 2019 Order, ECF No. 65 ("Discovery Order"). Of the ten witnesses currently scheduled to be deposed, four are current career officials at the State Department, and two are former career officials at the State Department (both of whom continue to serve elsewhere within the federal government).[1] In addition, Plaintiff has noticed a deposition of the State Department itself under Federal Rule of Civil Procedure 30(b)(6), and the individual to be designated to sit for that deposition is also likely to be a career State Department official. Plaintiff has served deposition notices and, where required, subpoenas for those depositions, all of which indicate that Judicial Watch will audiovisually record each deposition. During the meet-and-confer process, counsel for Judicial Watch confirmed that Judicial Watch in fact intends to audiovisually record all the depositions in this case, including those of career State Department employees. Depositions in this case are scheduled to begin on March 14, 2019. The first deposition of a former State career official is currently scheduled for 10:00 a.m. on April 5, 2019.[2]

---

[1] The term "career official" as used throughout this filing refers to employees paid on the GS or SES pay scale, excluding Schedule C and other political appointees. Here, that would include the following current State Department employees: Gene Smilansky, Monica Tillery, Jonathan Wasser, and Clarence Finney. It would also include former State Department employees John Hackett (who now works as a contractor for the Office of the Director of National Intelligence) and Sheryl Walter (who now works for the Administrative Office of the U.S. Courts).

[2] Prior to filing this motion, counsel for State conferred with counsel for Judicial Watch pursuant to Local Civil Rule 7(m) and Federal Rule of Civil Procedure 26(c)(1). Opposing counsel reported Judicial Watch's position as follows: "We expect that we will oppose any motion for a protective order or any temporary administrative order."

## ARGUMENT

I.   **THE COURT SHOULD ENTER A LIMITED PROTECTIVE ORDER SEALING AUDIOVISUAL RECORDINGS OF THE DEPOSITIONS OF CURRENT AND FORMER CAREER CIVIL SERVANTS.**

Courts have broad discretion to issue protective orders, "for good cause," to protect a "party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).   To that end, "Rule 26(c) permits the Court to attach to discovery any terms or conditions that justice requires, . . . to prevent undue annoyance, embarrassment, burden or expense. 'Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.'" *Tavoulareas v. Washington Post Co.*, 111 F.R.D. 653, 661 (D.D.C. 1986) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984)).

In particular, Rule 26 explicitly permits the Court to order "that a deposition be sealed" in its entirety, "and opened only on court order."   Fed. R. Civ. P. 26(c)(1)(F); *Tavoulareas*, 111 F.R.D. at 661; *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007).   That is in part because, as the Supreme Court has explained, notwithstanding public interest in certain portions of some judicial proceedings, "pretrial depositions and interrogatories are not public components of a civil trial."   *Seattle Times*, 467 U.S. at 33; *see also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public.").

Accordingly, protective orders are an appropriate tool to seal depositions entirely when important privacy interests are at stake—and *a fortiori*, as relevant here, to take the more modest step of sealing access only to the audiovisual recordings of such depositions.   *See, e.g.*, *Citizens for Responsibility and Ethics in Washington v. Chaney*, 580 F. Supp. 2d 168, 182-84 (D.D.C.

3

2008) (granting protective order providing that certain depositions "shall not be videotaped" at all, where movant did not object to public release of deposition transcripts); *Lopez v. CSX Transp., Inc.*, No. 14-cv-257, 2015 WL 3756343, at *5-6 (W.D. Pa. June 16, 2015) (ordering deposition recordings *and* transcripts sealed, accepting argument "that, if information from the depositions is disclosed to the public, then employees of the Defendant would be subject to annoyance, embarrassment, and oppression"); *Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999) ("Given the existence of legitimate litigation purpose for taping the deposition, the Court will permit the videotaping.  But the videotape may be used solely for purposes of this litigation.").

In entering such orders, many courts have pointed out the unique susceptibility of audiovisual recordings to inappropriate use outside the context of the litigation itself, to a greater degree than the risk of permitting the dissemination of public transcripts.  *See, e.g.*, *Felling v. Knight*, IP-01-00572-C-T/K, 2001 WL 1782360, at *3 (S.D. Ind. Dec. 21, 2001) ("Videotapes are subject to a higher degree of potential abuse than transcripts.  They can be cut and spliced and used as 'sound-bites' on the evening news. . . . The practice of sealing videotapes of depositions has been approved of in several high-profile cases where the written depositions have been released to the public."); *Jones v. Clinton*, 12 F. Supp. 2d 931, 935 (E.D. Ark. 1998) (unsealing "the full transcript of the plaintiff's and President's respective depositions, but not, however, the videotapes of *any* depositions taken in connection with this lawsuit").

A.     **The current and former career civil servants to be deposed in this case have strong privacy interests at stake.**

Individuals do not sacrifice all of their privacy rights when they enter federal employment and join the career civil service.  Even those accused of wrongdoing (let alone unsubstantiated wrongdoing) in the scope of their federal employment retain "at least some privacy interest" to be

respected by the courts.  *See, e.g.*, *Beck v. DOJ*, 997 F.2d 1489, 1494 (D.C. Cir. 1993) ("A government employee has at least some privacy interest in his own employment records, an interest that extends to not having it known whether those records contain or do not contain information on wrongdoing, whether that information is favorable or not.") (internal quotation marks omitted); *Kimberlin v. DOJ*, 139 F.3d 944, 949 (D.C. Cir. 1998) (weighing the privacy interests of "a staff-level government lawyer" allegedly connected to accusations of government misconduct in upholding DOJ's invocation of FOIA exemption).

As a practical matter, whatever may be said of an agency's political appointees, career civil servants—such as, for example, the analysts who perform such thankless duties as tasking hundreds of searches per year in response to FOIA requests in State's Office of Information Programs and Services—do not reasonably expect that they will be subjected to video-recorded, publicly disseminated cross-examination about the way that they carried out their routine job functions half-a-decade ago.  These officials do not lose all claims to personal privacy due to their government service, and have not implicitly or explicitly signed up to become public figures.  *Cf. Kimberlin*, 139 F.3d at 949.  And, as discussed further below, *see infra* Section I.B., any public interest in what such officials may say at the forthcoming depositions in this case can be entirely accommodated by the public release of full and complete transcripts.  By contrast to a transcript, an audiovisual recording is by its nature more intrusive and embarrassing, and constitutes a far greater invasion of these individuals' personal privacy—privacy that they have not sacrificed by virtue of joining the ranks of the career civil service.

Not only will a protective order serve to protect these individuals' privacy, but it is also important to State's institutional interests in recruiting and retaining the most talented possible work force.  Knowing that what begins as a routine FOIA lawsuit can eventually lead to a

seven-hour video recording of their sworn testimony, posted indelibly on the internet or disseminated in the broadcast media, may deter from public service those individuals who, for example, are asked to toil behind the scenes to process the ever-growing numbers of FOIA requests submitted to State each year.  Further, the risk that any audio or video may be edited or otherwise manipulated once released to the detriment of the deponent is especially high here, given the notoriety surrounding former Secretary Clinton's use of a private email server.  The State Department needs good people to perform this important work.  No public interest justifies subjecting career civil servants to this unnecessary and unwarranted embarrassment, which could impact State's ability to recruit and retain professional talent.

B.   **No marginal benefit to the public interest would result from public dissemination of audiovisual recordings of these depositions.**

The State Department is not objecting to the public release of any written deposition transcripts in this case.  Accordingly, even accepting that there is some public interest in the content of the testimony offered at the depositions in question, there is no incremental benefit to be had from releasing audiovisual recordings of those depositions.  Accordingly, the oft-stated purpose of FOIA—to let "the public know what its government is up to," *NARA v. Favish*, 541 U.S. 157, 162 (2004)—is not threatened in any way by the requested protective order.  Anyone concerned with what these witnesses have to say may read every word of their deposition transcripts.[3]  Moreover, Judicial Watch is not prejudiced by the sealing of the videotaped recordings.  To the extent it wants

---

[3] To be clear, the government continues to reserve its additional, more limited right (as explicitly confirmed in the Court's Discovery Order) to "embargo a deposition's contents for three business days after production of the transcript or recording—provided that it does so in good faith and that it declared its intent to do so on the record at the deposition—to review the transcript or recording for classified information, for information specifically exempted from disclosure by statute, or for information concerning a pending law enforcement investigation, and to seek an order precluding the information's public release."  Discovery Order at 3.

to rely on video recordings to show the demeanor of particular witnesses, Judicial Watch can request unsealing of the relevant portions of the video recordings at the time it intends to rely upon the recording for purposes of a court filing.  At this discovery phase of the case, however, the witnesses' privacy interests far outweigh any interest Plaintiff might claim in publication of the video recordings of the depositions.

Nor are there any First Amendment concerns with State's request, limited as it is.  Again, if the Court grants Defendant's motion, *no testimony whatsoever will be withheld from the public*, given Defendant's non-opposition to public release of the deposition transcripts.  In any case, the Supreme Court has squarely held that even "[a] litigant has no First Amendment right of access to information made available only for purposes of trying his suit."  *Seattle Times*, 467 U.S. at 32.  And so "where, as in this case, a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment."  *Id.* at 37.  Those principles apply easily to the requested protective order here, which would apply only to video recordings of only certain depositions—not to any other portion of the discovery in this case, and not to the transcripts of the depositions themselves.  Because "pretrial depositions . . . are not public components of a civil trial," and because "[d]iscovery rarely takes place in public" in any event, the requested order would "not [be] a restriction on a traditionally public source of information," *id.* at 33 & n.19, and therefore warrants no First Amendment scrutiny.

**C.    Courts in this district and around the country have issued similar or broader protective orders in similar circumstances.**

In this district, the Honorable Emmet G. Sullivan recently weighed similar considerations in similar litigation between the same parties, when he sealed any audiovisual recordings of

depositions taken on the topic of former Secretary Clinton's personal email server.  In that case, a non-party deponent sought to preclude Judicial Watch "from publicizing all or any portion of any audiovisual recording made" of the non-party's deposition.  Motion by Non-Party Deponent, *Judicial Watch v. U.S. Dep't of State*, 13-cv-1363-EGS (May 25, 2016) (ECF No. 79).  Judge Sullivan both granted the motion and, *sua sponte*, granted the same relief as to all of the other depositions that would be conducted in that case, including (but not limited to) depositions of career State Department officials:

> The public has a right to know details related to the creation, purpose and use of the clintonemail.com system.  Thus, the transcripts of all depositions taken in this case will be publicly available.  It is therefore unnecessary to also make the audiovisual recording of Ms. Mills' deposition public.  To avoid unnecessary briefing by the parties and non-parties going forward, the Court *sua sponte* orders that all audiovisual copies of depositions taken in this case shall be sealed until further order of the Court.

Minute Order, *Judicial Watch*, 13-cv-1363-EGS (May 26, 2016).

Several years later, at a motions hearing held on November 14, 2018, Judge Sullivan denied motions by both Judicial Watch and third-party intervenors who sought to lift the seal on audiovisual copies of the depositions.  *See* Transcript of Proceedings Held on Nov. 14, 2018 at 67, *Judicial Watch*, 13-cv-1363-EGS (Nov. 16, 2018) (ECF No. 177).  Judge Sullivan explained again that "pretrial depositions and interrogatories are not public [components] of a civil trial."  *Id.* at 69 (quoting *Seattle Times*, 467 U.S. at 33 (brackets correct stenographic error in transcript)).  Moreover, audiovisual depositions were originally developed as a superior method of presenting deposition testimony *to juries*, not to be "a vehicle generating content for broadcast and other media."  *Id.* (quoting *Paisley Park*, 54 F. Supp. 2d at 349).[4]

---

[4] Although State does not anticipate that a trial would ever be necessary in this case, the requested protective order would not preclude the use of any video recordings at any trial.

Judge Sullivan then noted the high degree of public scrutiny to which that case—which, as this Court is aware, also included discovery regarding the facts surrounding the Clinton email server—had been subjected. *Id.* Judge Sullivan found it "inevitable" that "segments of the depositions would be edited and taken out of context solely for the purpose of harassing or embarrassing the deponents," and that the nature of the harm to the deponents derives from the nature of the video medium itself. *Id.* at 70 (citing *Low v. Trump Univ., LLC*, No. 3:13-cv-02519-GPC-WVG, 2016 WL 4098195, at *5 (S.D. Cal. Aug. 2, 2016)). Judge Sullivan found, therefore, that "particularized harm will result if the Court grants the two motions and unseals the recordings." *Id.*

A similar result should follow here *a fortiori*, because State's requested relief is far narrower than that issued by Judge Sullivan *sua sponte*—that is, Judge Sullivan's order covered *all* deponents in that litigation, including political appointees and senior agency leadership. Here, State requests an order that would cover *only* its current and former career civil servants. As applied to this subset of individuals, the arguments for a limited restriction on public dissemination of the contents of the forthcoming depositions—that is, publicly available transcripts, but sealed video recordings—is even stronger. The individuals in question are much farther removed from any alleged wrongdoing, and there is no argument that they could have possibly anticipated being subjected to publicly disseminated video recorded depositions when they entered federal service, unlike senior political aides, who reasonably expect at least some degree of public attention.

This Court's opinion in *Alexander v. FBI* is not to the contrary. In *Alexander*, a non-party (who was formerly Assistant Director of the FBI) moved to quash a deposition subpoena in its entirety, and also sought a protective order that would prohibit the use of the deposition for purposes unrelated to the litigation. 186 F.R.D. 60 (D.D.C. 1998). The Court ultimately found an

alternative method to accommodate the non-party's concerns—by "prohibit[ing] plaintiffs . . . from questioning [the witness] regarding" the subjects about which he was concerned about public exposure. *Id.* at 66. Here, by contrast, Defendant's concern is not with respect to any particular subject-matter to be explored at the deposition—the Court has already limited the scope of discovery to three discrete topics, *see* Discovery Order at 1-2—but with respect to the general invasion of privacy and embarrassment to be suffered by career civil servants subject to a full day of cross-examination regarding the alleged misconduct of others.[5]

\*        \*        \*

In sum, the State Department's career civil servants perform challenging and important work outside of the public eye on a daily basis.   These career employees will testify under oath about their work, to the extent it relates to the subjects on which the Court has permitted discovery, to the best of their recollection.  And State has no objection to the release of full transcripts of those depositions.  But releasing audiovisual recordings of these particular depositions will offer no marginal public benefit, and will come at a significant cost to the personal privacy of these public servants, and to the State Department's ability to recruit and retain talented individuals. This Court has broad discretion to prevent that needless harm, and Defendant respectfully requests that the Court do so by granting the requested protective order.

---

[5] The Court's analysis in *Alexander* appeared to suggest that potential First Amendment concerns justified requiring a significant showing before entering a protective order of this sort, 186 F.R.D. at 65-66, but in doing so the Court relied on the D.C. Circuit's opinion in *In re Halkin*, 598 F.2d 176, 190-91 (D.C. Cir. 1979).  *Halkin* was later overruled by *Seattle Times*.  *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1411 (D.C. Cir. 1996) ("*Halkin* was overruled by the Supreme Court in *Seattle Times* where the Court considered and rejected the argument that protective orders must be supported by concrete factual showings.").

## **CONCLUSION**

For these reasons, State respectfully requests that the Court enter a protective order sealing any audiovisual recordings in this matter of the forthcoming depositions of current and former career State department officials.  In the interim, to the extent this motion is not decided by April 5, 2019, State further respectfully requests that the Court enter a temporary administrative order sealing any such audiovisual records at least until the Court has decided this motion.


Dated: March 11, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

ROBERT J. PRINCE (D.C. Bar No. 975545)
Senior Trial Counsel

/s/   *Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

*Attorneys for Defendant*