**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>                            )<br>            Plaintiff, )<br>v.                          )<br>                            )<br>U.S. DEPARTMENT OF STATE,   )<br>                            )<br>            Defendant.      )<br>_____ ) | Civil Action No. 14-cv-1242 (RCL) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL**

Plaintiff Judicial Watch, Inc. ("Plaintiff" or "Judicial Watch"), by undersigned counsel, hereby submits this Reply in support of its Motion to Compel (ECF 102).

From the start of this Court ordered discovery process, Defendant's responses have been sloppy, unjustified, and misleading. Defendant's initial response to Plaintiff's request for documents included empty pages of documents asserting "Withheld as Privileged". See Exhibit 1 attached hereto. Additionally, Defendant's initial privilege log lacked any specificity for Plaintiff and the Court to determine whether the privilege was properly invoked. *See Alexander v. FBI*, 192 F.R.D. 42, 45 (D.D.C. 2000); *FTC v. Beohringer Ingelheim Pharms, Inc*., 892 F.3d 1264, 1270 (D.C. Cir. 2018) (nor is it sufficient to offer as support privilege logs with bare, conclusory assertions that the listed communications were made for the purpose of securing legal advice). As a result, Plaintiff has been prejudiced in receiving information in an untimely manner and burdened with challenging Defendant to fulfill its obligation to produce relevant discovery.

In response to Plaintiff's Motion to Compel ("Plf.'s Motion"), Defendant made yet another production of documents releasing previously withheld information and attached a 17 page Declaration of Richard C. Visek as, yet again, further support for its privilege and

protection assertions.  This is Defendant's fourth supplemental production of records and privilege justification.  It is time to put an end to Defendant's gamesmanship.

At issue are twelve documents containing questionable redactions.  Defendant asserts all withholdings are appropriate, that only privileged or protected information has been redacted, and that Judicial Watch's motion to compel fails to establish any of the challenged redactions improper.  Opp. at 1.  Furthermore, Defendant contends that "even a cursory review of the privilege logs reveals that State has described the basis for the redactions with as much detail as it could without revealing the privileged materials, and in all circumstances provided sufficient information to allow Judicial Watch to assess the validity of the privilege assertions."  Opp. at 1 (ECF 107).  However, Plaintiff has experienced otherwise in this discovery process.

The relevant background and specific challenges for each of the twelve documents at issue are thoroughly briefed in Plaintiff's Motion to Compel and Plaintiff will spare the Court a full recap.  Plaintiff only briefly highlights specific points and examples here in further support of its Motion to Compel.  The record demonstrates the need for in-camera review for the Court to make its own assessment on the validity of withholdings.

1. Document 21

The details and descriptions provided in State's Opposition and the Visek declaration further shows the unnecessary litigation imposed by State's lack of adequate information about potentially discoverable materials as required in discovery.  Visek's declaration and State's opposition finally explains this almost fully redacted document and its purpose.  However, while the description of the document itself has been greatly expanded upon by Visek's declaration, what remains lacking is Defendant's appropriate application of the privileges asserted.  "IPS comments on documents that were collected and processed by IPS at the direction of the State

attorney adviser assigned to the case" is broad and not an applicable standard under work-product doctrine. Plaintiff has not challenged the asserted attorney-client redaction (summary by Ms. Lovejoy). However, even from State's abstract description that redacted entries contain comments made "at the direction of the State attorney-adviser", it would seem likely at least some of the redacted material is fact work product to which Plaintiff is entitled.

Defendant asserts that the comments are about redactions, not about the search for responsive records and are therefore not relevant to any of the three topics for which the Court authorized discovery. Clearly, State miscomprehends the point of this unique discovery. The purpose for allowing discovery in this case is to find out what State officials knew and if they acted in bad faith. The proper – or improper – redactions of documents produced is certainly part and parcel of potential bad faith. Additionally, the validity of withholdings or redactions goes to State's settlement conduct, which is also directly at issue in this discovery process.

2. Document 897

Defendant initially redacted the subject line of this email document. *RE: Former Secretary E-Mail Account.* It was only after Plaintiff challenged this questionable redaction that Defendant released this clearly non-privileged, non-protected information. Both documents are attached hereto as Exhibit 2 for comparison.

Defendant attempts to limit Plaintiff's challenges to the redactions in this document to the names of attachments only disregarding Plaintiff's challenges to the redactions in the emails from Finney to Wasser and Finney. Defendant's reference cited in its Opposition is pulled out of context. The cited statement: "Without waiving any objections, Plaintiff only seeks the names of the attachments at this time" is pulled from the paragraph on page 11 referencing the redacted names of attachments in Smilansky's email. Opp. at 11 *quoting* Plf.'s Motion at 11. However,

Plaintiff's Motion specifically addressed the redactions in Finney's email to Wasser and Finney. *See* Plf.'s Motion at 10-11 ("State does not claim that the release of Finney's email would reveal confidential facts provided by the client for purposes of seeking legal advice.") Plaintiff challenges both attorney-client privilege and work-product protection regarding the Finney email.[1]

Plaintiff reasserts the arguments raised in its Motion regarding both attorney-client privilege and work product protection. Further, Defendant still does not identify the ongoing or anticipated litigation associated with this document to protect it under the work product doctrine. This document contains emails from August 2014, which was the timeframe of Judicial Watch's litigation. The timeframe was 15 months after State sent CREW a final "no records response" so there should not have been any anticipation related to CREW request.

For all other assertions of work product protection, Defendant repeatedly makes clear that there was a reasonable anticipation of litigation related to the CREW request. *See* Opp. at 10 ("where more than 20 days had passed without a response to the litigious requester, CREW"); at 11 ("given the status of the CREW request at the time (more than 20 days had passed), the subject-matter of the request (the Secretary of State), and the identity of the requester (CREW)"); at 15 ("State reasonably anticipated litigation over that request…because of the identity of the requester, the fact that it had been pending more than 20 days, and the subject-matter of the request)"); at 17 ("because litigation was reasonably anticipated"). Here, however, Defendant is being coy and does not identify the anticipated litigation. Given the lapse of 15 months since a no records response was sent to CREW, Defendant does not offer a reasonable anticipation

---

[1] Despite its limitation attempt to limit Plaintiff's challenges to names of attachments only, Defendant still addresses all of the redactions in its Opposition and it has not been deprived of an opportunity to argue Plaintiff's correction of what is being challenged.

litigation would follow.  Additionally, the email recipients on this particular document do not appear on the CREW request documents (as far as Plaintiff can tell from the limited documents it has received from State).  Given the timeframe of the document (specifically around the time of Judicial Watch's lawsuit) and the subject matter, as well as Defendant's reference to "ongoing [] litigation" in the privilege log, State should identify the referenced "ongoing [] litigation".

   3. Document 901

As an initial matter, there are 6 redactions, not 5, in this document Plaintiff challenged. State appears to ignore the challenged redaction in an email from Finnegan to Sheryl Walter which, on the face of the document, appears to be a back and forth discussion between Finnegan and Walter (2 non-attorneys) nor did State release the information.  State still fails to demonstrate confidential facts from a client to its attorney would be revealed in releasing the document.  Plaintiff requests the Court review the document in-camera for the validity of the privileges asserted.

State's accusation that Judicial Watch made "unsupported assumptions about the nature of the redacted material" is unwarranted.  Plaintiff's assumptions about the withheld information were necessary given the lack of detail provided by State.  Furthermore, Plaintiff's assumptions that the redactions related to communications with the White House were certainly supported by the subject line "WH & S/Clinton's e-mail".

Most importantly, this document is another example of State's improper redaction of non-privileged, non-protected information in its initial production.  A portion of the subject line was redacted.  The subject line reads: "WH & S/Clinton's e-mail".  However, in the initial production, State redacted the "WH" portion of the subject line.  Again, only after Plaintiff

challenged the withholding did Defendant release the unredacted subject line. A copy of both produced documents are attached hereto as Exhibit 4 for comparison.

4. <u>Document 1040</u>

Defendant argues at length in its opposition that this document, and specifically the October 17, 2014, 2:12 email from Clarence Finney to Joseph Macmanus is protected under the work product doctrine. Opp. 25-28. Specifically, the entire email is redacted because it was "prepared in anticipation of litigation". Furthermore, Defendant argues that it "reflects the attorney's focus in a meaningful way" and is core opinion work product (and therefore fact work product need not be assessed). Opp. at 28 *citing Boehringer Ingelheim*, 778 F.3d at 151.

Plaintiff found a copy of this very email chain on the Department of State's public reading room. The document's are not identical as the document found on the public reading room website include subsequent email correspondences. However, the document in dispute here (DOS_00001040_0001) is fully included in the lengthier email chain found in Doc No. C06124618. A copy of both documents is attached hereto as Exhibit 3. The top email in Document 1040, the document in dispute here, is fully redacted as attorney client privileged. That same email is partially redacted in Doc No. C06124618. The publicly released portion of that email from Richard Visek to several State Department employees (as identified in Defendant's opposition at 27) states "See below from Clarence about being Department's POC for reps of former secretaries." Presumably, Mr. Visek is referencing the October 17, 2014, 2:12 email from Clarence Finney to Joseph Macmanus.

Full redaction of Document 1040 and State's asserted privilege is precisely the type of unsupported privilege and protection assertions Defendant has provided to Plaintiff during this discovery process. The comparison of the two documents speaks for itself. Plaintiff's

experience with Defendant during this discovery process has warranted a distrust that Defendant is adequately asserting the privileges and protections claimed. Plaintiff respectfully requests the Court conduct an in-camera review of the remaining twelve challenged documents to assess the validity of Defendant's asserted privileges and protections.

5. Documents 1326/1328/3636

Defendant asserts "It was typical for Mr. Dorosin to be copied on emails of this type, and he would typically interpret them as a request for the Office of the Legal Adviser's confirmation that the included guidance or actions were consistent with applicable law and regulations and, to the extent that there was a legal concern, for intervention from an attorney to ensure that the guidance or course of action was adjusted appropriately." Opp. at 30; Visek ¶ 24. In its attempt to fit the redactions challenged in these douements, State goes to great length to describe "typically" what might happen on "emails of this type" and "typically" how he might interpret them. Opp. at 30; Visek ¶ 24. What State does not present how Mr. Dorosin was actually engaged in a back and forth discussion between 2 non-attorney employees nor that he actually provided legal guidance or opinion to warrant the redactions in this document privileged as attorney-client communications. Assertion of "what I would have done" is not sufficient. Defendant must demonstrate that that was the purpose of Mr. Dorosin's involvement.

"The redacted information relates to facts of which Mr. Dorosin was informed by Ms. Grafeld and Ms. Thian for purpose of securing an opinion on law." Opp. at 30. Again, it does not appear Mr. Dorosin offered any opinion on law. State's stretch of facts and rationalization based on the purported "typical" behavior of a junior attorney is a far cry from adequate assertion of the privilege.

6. Document 2475

Contrary to Defendant's assertion that "Mr. Visek was seeking confidential legal advice from another government attorney with specific expertise in records management law" qualifies for attorney-client privilege protection, the description of the interaction appears to be more of a collegial conversation between similarly situated legal professionals than an attorney-client confidential communication. Opp. at 31. It is difficult to assess whether the unique attorney-client application as applied in the cited law is warranted here given the limited information provided by Defendant. The Court should review the document in-camera to make its own assessment of attorney-client application.

7. <u>Relevancy of CREW FOIA and Substantial Need</u>

Defendant asserts Judicial Watch has no need for facts surrounding the Crew FOIA request to prove its claims against State'" Opp. at 19, *citing* Plf.'s Motion at 17 clearly miscomprehends the reason the Court ordered the unique relief of allowing Plaintiff to engage in discovery in this FOIA case. The Court already recognized that what State officials knew about the CREW request from 2012 to 2014 is "highly relevant and critical to Judicial Watch's case." Discovery Order at ¶ 8. The purpose reason for discovery here is to find out what State officials knew about HRC emails at the time it responded to Judicial Watch's request and attempted to engage in settling the case without informing Plaintiff there was an issue surrounding HRC emails – in bad faith. The facts surrounding the CREW FOIA request and what was known and by whom is directly at issue here. The CREW-related documents Defendant goes to great lengths to shield are a specific item/point in this discovery. Defendant's downplay that "this remains a FOIA case about a specific FOIA request that Judicial Watch submitted to State regarding talking points provided to Susan Rice regarding the Benghazi attacks" is just plain

wrong. Opp. at 19. This is a case about whether or not State engaged in bad faith efforts in responding to Judicial Watch's request.

In routine FOIA cases, there is a presumption of good faith of agenies in their search and production of records responsive to requests made by the public for information on "What the Government is up to". Here, that presumption has been pierced and the agency's knowledge and duty to act in good faith are in question. The Court determined that Plaintiff has a substantial need for more information specifically related to: (1) whether Clinton intentionally attempted to evade FOIA by using a private email while Secretary of State; (2) whether State's efforts to settle this case in late 2014 and early 2015 amounted to bad faith; and (3) whether State adequately searched for records responsive to Judicial Watch's FOIA request. Memorandum and Order, January 15, 2019 ¶ 1 (ECF no. 65) and uniquely permitted discovery. "Where there is evidence of government wrong-doing an bad faith, as here, limited discovery is appropriate, even though it is exceedingly rare in FOIA cases." Memorandum and Order, March 29, 2016, ¶ 1 (ECF No. 39)

8. Fees and Costs

Defendant's assertion that Plaintiff is not entitled to any award of fees or costs because "[a]ll of State's privilege assertions are entirely appropriate; they are certainly, at a minimum, 'substantially justified'" is completely contradicted by the record. Opp. at 34 c*iting Parsi v. Daioleslam,* 778 F.3d 116, 126-27 (D.C. Cir. 2015). In addition to the unwarranted, non-privileged, non-protected redactions Defendant released only after Plaintiff affirmatively spent time and energy challenging the withholdings (only a few of which are highlighted above), Defendant provided a 17-page supplemental declaration which included details and information presented for the first time, in defense against Plaintiff's Motion to Compel rather than in cooperation with Plaintiff to resolve this discovery dispute. On the contrary, Defendant's

continued supplementation of privilege logs and document productions show that, at a minimum, State's privilege assertions are not justified.

Dated:  May 30, 2019                                  Respectfully submitted,

                                                                       */s/ Lauren M. Burke*
                                                                       Lauren M. Burke
                                                                       D.C. Bar No. 1028811
                                                                       JUDICIAL WATCH, INC.
                                                                       425 Third Street SW, Suite 800
                                                                       Washington, DC 20024
                                                                       Tel:    (202) 646-5172
                                                                       Email:  lburke@judicialwatch.org

                                                                       *Counsel for Plaintiff*