IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 14-cv-1242 (RCL) |
| ) | |
| U.S. DEPARTMENT OF STATE, ) | |
| ) | |
| *Defendant*. ) | |

**PLAINTIFF'S SURREPLY IN SUPPORT OF ITS REQUEST
FOR THE DEPOSITION OF HILLARY RODHAM CLINTON**

Pursuant to the order by the Court, Plaintiff Judicial Watch, Inc., by and through counsel, respectfully submits this Surreply in support of its request for the deposition of former Secretary of State, Hillary Rodham Clinton.

Statement of Points and Authorities

1. On September 10, 2019, Secretary Clinton filed a Corrected Reply in support of her opposition to Plaintiff's request for her deposition. *See* Intervenor Hillary Rodham Clinton's Corrected Reply in Support of her Opposition to Plaintiff's Request for a Deposition ("Corrected Reply") (ECF No. 147). [1]

---

[1] Yesterday, October 10, 2019, Secretary Clinton also filed a Reply in Support of Her Opposition to Plaintiff's Request for a Deposition (ECF No. 146). Pursuant to email and telephone communication with Secretary Clinton's counsel today, Plaintiff understands that Secretary Clinton will seek leave to withdraw and have the original Reply removed from the docket due to certain information contained in Exhibit A, attached thereto, that is protected under this Court's Protective Order entered on June 10, 2019 (ECF No. 116). Therefore, Plaintiff's Surreply is in response to the Corrected Reply only.

1

2. Secretary Clinton raised several new points in her Corrected Reply to which Plaintiff wishes to briefly respond to herein.

3. First, Secretary Clinton argues that her deposition should not be permitted on the subject matters of the State Department's settlement conduct and search for records in this case because Plaintiff conceded that it has no basis for asking for her deposition on these issues in an August 13, 2019 email between undersigned counsel and Department of Justice ("DOJ") attorneys representing the State Department. *See* Corrected Reply at p. 1; *see also* Ex. 1 (Email from DOJ Attorney Elizabeth Shapiro to David Kendall, previously filed in unredacted form as Exhibit A to Secretary Clinton's original Reply.) [2] While Plaintiff and its attorneys are not privy to the communications between Secretary Clinton's attorneys and the DOJ attorneys involved in this case, the email relied on by Secretary Clinton is only one of several email and telephone communications in which counsel of record conferred about the additional discovery Plaintiff requested in its August 21, 2019 Status Report. Perhaps Secretary Clinton's attorney was not forwarded the August 19, 2019 email from undersigned counsel to the DOJ attorneys in this case or perhaps Secretary Clinton's attorneys simply ignored it, but nevertheless, it is abundantly clear that Plaintiff notified the State Department that it "seeks [Secretary Clinton's' deposition[] into ***all three prongs of discovery*** as well as the following topics previously permitted of the 30(b)(6) [witness]:

- Preparation of talking points for former U.N. Ambassador Susan Rice's September 16, 2012 media appearances;
- The advance dissemination or discussion of those talking points;
- The aftermath of Rice's appearance;
- The Department's evolving understanding of the Benghazi attack.

---

[2] Plaintiff redacted the information contained in the exhibit that is protected under the Court's June 10, 2019 Protective Order (ECF No. 116).

*See* Email from Ramona R. Cotca to DOJ Attorneys Robert J. Prince and Stephen Pezzi, dated August 19, 2019, attached hereto as Ex. 2 (emphasis added).

4. Secretary Clinton erroneously claims that in light of the earlier August 13, 2019 email, "Judicial Watch has now taken a very different position in its Response" – Plaintiff presumes Secretary Clinton means Plaintiff's Reply instead of response. *See* Corrected Reply at p.1. Irrespective of the meet and confer communications between counsel of record, Plaintiff clearly identified the aforementioned topics in Paragraph 3 above as subjects for inquiry during the deposition of Secretary Clinton in Plaintiff's August 21, 2019 Status Report. *See* Pltf. Status Report, pp. 13-15 (ECF No. 131). Plaintiff has not added in its Reply any new areas of inquiry for Secretary Clinton's deposition. And certainly, Plaintiff has never conceded that Secretary Clinton does not have knowledge about these subject matters.

5. Second, in connection with Plaintiff's request to depose Secretary Clinton on the subject matters of the State Department's settlement conduct and search for records in this case, Secretary Clinton's assertion that Plaintiff "offers no evidence to suggest that Secretary Clinton had any involvement of any kind as State was trying to settle with Judicial Watch" is perplexing considering the evidentiary record during this period about the review of Secretary Clinton's emails, the communications between Secretary Clinton and/or her attorneys and State Department officials about her emails, the after-action memo created by her attorney, Heather Samuelson, in or around December 2014, the deletion of Secretary Clinton's emails in March 2015 and the back-up of Secretary Clinton's emails to a separate Gmail account created by Paul Combetta. *See e.g.* Pltf. Status Report (ECF No. 131); *see also* Tr. of Aug. 22, 2019 Hearing held in this case, available online at https://www.judicialwatch.org/press-releases/judicial-watch-

federal-judge-criticizes-state-and-justice-departments-on-clinton-email-cover-up/ (last accessed October 11, 2019) and https://www.judicialwatch.org/wp-content/uploads/2019/09/JW-v-State-Hearing-transcript-01242-1.pdf. (last accessed October 11, 2019).

6. Third, Secretary Clinton's argument that Judicial Watch is not entitled to discovery about the terrorist attack in Benghazi because it does not relate to the three permitted topics of discovery and that "Plaintiff did not cite to a single legal authority in support of [its request]" is simply wrong. *See* Corrected Reply at p. 2. Secretary Clinton misses the point entirely – her own failure to disclose her email during FOIA searches for Benghazi-related records until it was finally revealed in this case has given rise to questions about her own "motives for shielding her emails from FOIA requestors or on State's reluctance to search her emails." Memo. & Order, dated January 15, 2019, p. 11-12 (ECF No. 65), cited in Plaintiff's Reply at pp. 13 (ECF No. 144). "Did State know [Secretary] Clinton deemed the Benghazi attack terrorism hours after it happened, contradicting the Obama Administration's subsequent claim of a protest-gone-awry?" "Did the Department merely fear what might be found" in Secretary Clinton's emails? These are the very questions that the Court has raised precipitating the Court's order to permit discovery on these topics in this case. *See* Jan. 15, 2019 Memo. & Order at p. 12 (ECF No. 65).

7. Fourth, Secretary Clinton's attempt to undermine the testimony of former State Department Official Tasha Thian, who served as the Agency Records Officer or archivist for the State Department from 2007 to 2014, is desperate and misstates her testimony. Secretary Clinton is simply wrong that Ms. Thian could not recall any of her staffers who attended the recordkeeping briefings that she provided. In fact, Ms. Thian identified Ms. Abedin as one of Secretary Clinton's senior aides whom she thought attended at least one of the workshop

4

meetings.  *See* Pltf. Reply at p. 4 (Thian Depo. 70:13-71:15, 128:7-13).  Plaintiff discussed in detail the compelling testimony of Ms. Thian in its Reply and will refer to the record therein so as not to burden the Court with repeated arguments here.  *See* Reply at pp. 3-9, 12 (ECF No. 144).

8. Finally, after Plaintiff filed its Reply, Ambassador Susan Rice published a book on or about October 8, 2019, in which she dedicates a chapter to the Benghazi aftermath.  Susan Rice, Tough Love, My Story of the Things Worth Fighting For, "Benghazi," pp. 306-337 (a full copy of the chapter titled "Benghazi" is attached hereto as Exhibit 3).  In regards to a conversation she had with her mother on Friday, September 14, 2012, informing her mother that she had been asked by the White House to appear on all of the five Sunday morning news shows following the terrorist attack in Benghazi, she wrote: *"Mom immediately pressed me, "Why do you have to go on the shows? Where is Hillary?"*  *Id.* at p. 307.  *"She was unrelenting, 'I smell a rat. This is not a good idea.'"*  *Id.*  While Ambassador Rice does not believe she was set up by Secretary Clinton, as her mother believed, she did believe that "[Secretary] Clinton…appreciated that the first person to tell the public about a highly political tragedy was likely to pay a price."  *Id.* at p. 334.  "Early information is almost inevitably wrong," she wrote.  *Id.*  Is this the reason Secretary Clinton did not appear on the Sunday morning news shows to discuss the Benghazi attacks?  Secretary Clinton communicated with her daughter, Chelsea Clinton, from her clintonemail.com account the evening of the attacks, when she wrote "Two of our officers were killed in Benghazi by an Al Queda-like group".  *See* Memo. Opinion, pp. 7-8 (ECF No. 54); *citing* https://archives-benghazi-republicans-oversight.house.gov/sites/republicans.benghazi. house.gov/files/documents/Tab%2050.pdf.  It is apparent that Secretary Clinton understood the event correctly to be a terrorist attack.  Only Secretary Clinton can answer the multitude of

questions surrounding her emails and her understanding of the attack in Benghazi that are raised by the entire record herein.

WHEREFORE, for all of the reasons stated herein and in Plaintiff's August 21, 2019 Status Report and Plaintiff's Reply, the Court should grant Plaintiff's request for the deposition of Secretary Clinton.

Dated: October 11, 2019

Respectfully submitted,

**JUDICIAL WATCH, INC.**

/s/ *Ramona R. Cotca*
Ramona R. Cotca (D.C. Bar 501159)
Lauren M. Burke (D.C. Bar 1028811)
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172
lburke@judicialwatch.org
rcotca@judicialwatch.org

*Counsel for Plaintiff*