# **Exhibit 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br>  Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br><br>  Defendant. | No. 14-cv-1242 (RCL) |

**OBJECTIONS AND RESPONSES TO PLAINTIFF JUDICIAL WATCH, INC.'S
REQUEST FOR PRODUCTION OF DOCUMENT TO FORMER SECRETARY OF
<u>STATE HILLARY RODHAM CLINTON AND HER ATTORNEYS</u>**

Pursuant to the Court's August 22, 2019 Order (Dkt. 135) and Rule 34 of the Federal Rules of Civil Procedure, Secretary Hillary Rodham Clinton and her attorneys (together "Secretary Clinton") hereby respond to Plaintiff's Request For Production Of Document (the "Request").

**GENERAL OBJECTIONS**

1.   Secretary Clinton objects to the Request on the ground that any discovery of Secretary Clinton is unwarranted in this case for the reasons set forth in her Opposition to Plaintiff's Request for a Deposition, which is being filed today, including the court filings incorporated therein.  Secretary Clinton makes this objection for preservation purposes and will not withhold any documents based solely on this objection, subject to the other objections stated herein.

2.   Secretary Clinton objects to the Request insofar as it seeks information outside the scope of permitted discovery in this case.  The requested document does not pertain to any of the

three subjects on which this Court has permitted discovery. Secretary Clinton makes this objection for preservation purposes and will not withhold any documents based solely on this objection, subject to the other objections stated herein.

3. Secretary Clinton objects to the Request to the extent that it calls for the production of information that is privileged or otherwise protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

4. Secretary Clinton objects to the term "Clinton team" insofar as it calls for documents outside the possession, custody, or control of Secretary Clinton.

## RESPONSE TO REQUEST

**1. A copy of the "after action memo" created by Heather Samuelson in or around December 2014, to memorialize the Clinton team's search for and processing of the Clinton emails. See Ex. 7 (Samuelson Tr. at pp. 184, 188-89) attached to Plaintiff's Status Report filed August 21, 2019 (ECF No. 131-7). Plaintiff only seeks factual portions that describe the review of Clinton's emails. Plaintiff does not seek legal opinions or conclusions by counsel.**

Response: Secretary Clinton objects to this request on the grounds that it calls for information that is covered by the work-product doctrine. Secretary Clinton provides the following information in support of her claim that this document is covered by the work-product doctrine.

| Date | Author | Recipient | Subject | Claim | Description |
| --- | --- | --- | --- | --- | --- |
| 12/5/2014 | Heather Samuelson, Esq. | David Kendall, Esq. | Re: Secretary Clinton's Electronic Mail | Work Product | Six page, single-spaced memorandum regarding a response to the State Department's request for documents. The memorandum was prepared by counsel in anticipation of potential investigations and litigation regarding Secretary Clinton's electronic mail. |

Respectfully submitted,

/s/ David E. Kendall

David E. Kendall (D.C. Bar No. 252890)
Katherine M. Turner (D.C. Bar No. 495528)
Stephen L. Wohlgemuth (D.C. Bar. No. 1027267)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
dkendall@wc.com
kturner@wc.com
swohlgemuth@wc.com

*Counsel for Intervenor Hillary Rodham Clinton*

September 23, 2019