UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC, <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br><br> *Defendant.* | Case No. 1:14-cv-1242-RCL |

### MEMORANDUM AND ORDER

It is time to bring this case to a conclusion, either by entry of summary judgment or trial. Several related motions remain outstanding in this matter: plaintiff's motion [148] to strike or in the alternative to file a sur-reply; intervenor Hillary Clinton's unopposed motion [149] to strike; plaintiff's motion [162] to compel; as well as defendant's motion [170] to vacate the Court's Memorandum Order [161] authorizing discovery and plaintiff's opposition [171] to defendant's motion to vacate.

The Court has considered the D.C. Circuit's opinion in *In re Clinton*, 973 F.3d 106 (D.C. Cir. 2020); the representations made by plaintiff in its petition for panel rehearing and rehearing en banc, *see* ECF No. 180-1 at 22, the D.C. Circuit's denial of plaintiff's request for panel rehearing or rehearing en banc, *see* ECF No. 174; plaintiff's representations in its petition for certiorari from the U.S. Supreme Court, *see* ECF No. 180-2 at 37; and the Supreme Court's denial of certiorari, *see* ECF No. 178.

Upon consideration of the parties' filings, applicable law, and the entire record herein, is hereby

1

**ORDERED** that defendant's motion [170] to vacate is hereby **GRANTED** and further discovery is **CLOSED**; it is further

**ORDERED** that plaintiff's motion [162] to compel is hereby **DENIED**; it is further

**ORDERED** that intervenor Hillary Clinton's unopposed motion [149] to strike is **DENIED**, but the filings that she seeks to strike because they are covered by the protective order (ECF Nos. 146, 146-1, 146-2) shall **REMAIN UNDER SEAL**; it is further

**ORDERED** that plaintiff's motion [148] to strike or in the alternative, for leave to file a sur-reply is **DISMISSED AS MOOT**; and it is further

**ORDERED** that the following schedule shall apply to further proceedings herein. Defendant's motion for summary judgment that addresses the adequacy of the search as undertaken, including a *Vaughn v. Rosen* index as to the documents withheld, must be filed no later than 60 days from this date. Plaintiff shall file any opposition thereto and cross-motion within 60 days thereafter. Defendant shall file any opposition to plaintiff's cross-motion and reply to its summary judgment motion within 30 days thereafter. Plaintiff shall file any reply to its cross-motion within 20 days thereafter. The Court will endeavor to promptly rule on the summary judgment motions.

**IT IS SO ORDERED.**

Date: 9/7/23

Royce C. Lamberth
United States District Judge